(Captain) Joe A. ROBBINS, Appellant,

v.

Billee ROBBINS, Appellee.

Court of Appeals of Kentucky.

March 25, 1960.

Wheeler & Marshall, Paducah, McDonald, Boaz & Boaz, Mayfield, for appellant.

Martin, Neely & Reed, Mayfield, for appellee.

MOREMEN, Judge.

This is an appeal from a judgment of the Graves Circuit Court entered on the petition of appellant, Joe A. Robbins, to modify a judgment entered in January 1954, which awarded a divorce to appellee, Billee Robbins; alimony and maintenance for herself and child in the sum of $250 per month; and gave to appellee the possession of a house and furniture which belonged to appellant.

At the time the petition for modification was filed, the daughter was eleven years of age and she was in the sixth grade of school. The judgment appealed from modified the original judgment to the extent that it provided for continuation of the payment of $250 per month, solely for the support of the child and, in addition, ordered appellee and the child to vacate the house which belonged to appellant.

Appellant contends that the allowance of $250 per month for the support of the child is too liberal and that $100 per month under the circumstances would be generous.

Appellant is a graduate of the U. S. Naval Academy and has served his country well as an officer in the U. S. Navy. On August 1, 1957, after he had reached the rank of captain, he was retired. His retirement seems to have been brought about by the realization on his part that his chances of becoming a flag officer within the next few years were remote. On his retirement, according to custom, he was advanced to the rank of rear admiral, but his retirement pay was based on the rank of captain with twenty-seven years of service.

At the time of the entry of the original divorce judgment in January 1954, appellant had a total monthly income from pay and allowances of $851.58. It was shown that immediately after the decree became effective, he had fixed obligations each month for taxes, insurance premiums, alimony and mortgage payments of $525.69 which left a net amount of $325.89 for his personal use. In 1957, when this case was first heard, his income was as follows: $526.50, retirement pay; $135; G. I. Bill benefits; $25, property rent; and a small return from building and loan stock and common stocks. His gross income was approximately $700. In this we have not included rents from the house vacated by his wife which we will discuss later. His deductions, similar to those above named, were about $500, which left him aproximately $200 per month on which to live and go to school. He had entered Vanderbilt Law School in an attempt to equip himself for a further useful life and his testimony discloses that his circumstances of living were difficult.

The proof concerning the value of the house, which was restored to him, is not too satisfactory, but it is fair to assume that the property is worth about $15,000, and he owes approximately $8,000 on it. If the value of the house is capitalized at ten per cent for rental purposes, the net income should be about $100 per month, so his overall financial condition is about the same as it was at the time of the original decree.

We are inclined to believe that the allowance is liberal, but not sufficiently so that we should disturb the decree of the chancellor. Neither do we believe the action of the court in awarding appellee's attorneys a fee in the sum of $150 is erroneous.

Judgment affirmed.