**Goldie Lou QUALLS, Appellant,**

v.

**Roger E. QUALLS, Appellee.**

Court of Appeals of Kentucky.

Nov. 25, 1964.

William H. McCann, Brown, Sledd & McCann, Lexington, for appellant.

Ora F. Duval, Olive Hill, for appellee.

MONTGOMERY, Judge.

Goldie Lou Qualls appeals from a judgment by which Roger E. Qualls was granted a divorce. Appellant questions the sufficiency of the alimony allowance of $100 per month and urges that her attorneys are entitled to the allowance of a fee to be taxed as cost against the appellee.

Qualls sued on June 29, 1962, and sought a divorce on the ground of cruel and inhuman treatment. By counterclaim appellant sought a divorce on the same ground, lump sum alimony of $100,000, periodic allowance of $1,000 per month, and $300 per month for maintenance for their fourteen-year-old daughter. No question is raised concerning the allowance for the child.

The parties were married August 31, 1940. Their other child is married. The wife says that the troubles stemmed from the husband's romance with a young woman named Phyllis Howard, whom it appears he married shortly after the divorce. The husband says that the marital difficulties arose before his association with Phyllis Howard. He undertook to show misconduct on the wife's part by her improper association with another man and excessive drinking. Appellant has no estate, employment, or income of her own and is undergoing treatment for cancer of the uterus.

The parties have lived in Olive Hill during most of their married life. Appellee is shown to have been engaged in many and varied business enterprises. The evidence indicates that he owns a one-fourth interest in the Carter County Stone Company, a stone quarry; has a Texaco gasoline distributorship in Carter and Elliott counties; owns a fleet of trucks used for hauling stone, a farm, and a number of pieces of rental property; and has served as a member of the House of Representatives. His adjusted gross income as shown by tax returns was $25,885.95 in 1959, $31,237.34 in 1960, and $43,791.08 in 1961. On March 31, 1961, in a financial statement made to the First National Bank of Grayson, he listed his net worth as $181,408 and his total assets as being worth $231,408.

The only real question is whether the alimony allowance is insufficient, which turns on the value of the husband's estate and his income. By the testimony of one Jesse Harris, an accountant, appellee's liabilities exceeded his assets by $8,730.05. Harris' statement was based in part on information furnished by appellee and was in part unverified. One item of significance claimed as a liability is $49,571.78 for federal and state income taxes. This indicates that appellee's income may have been larger than the amounts shown on his tax return.

The Chancellor's findings of fact did not contain specific findings as to the properties comprising the estate of appellee, their values, his indebtedness, or his income and expenses. These are the essential and indispensable findings upon which a proper conclusion could have been reached as to the amount of alimony allowable. The evidence was in conflict on various points and unsatisfactory on other points. Without such findings, no satisfactory basis is afforded on which to determine the propriety of the alimony allowance. Clay, CR 52.01, Comments 3, 4, and 10; Hatfield v. Derossett, Ky., 325 S.W.2d 84; Paramount Pest Control Service v. Brewer, C.A.9, 177 F.2d 564. The Chancellor should make such findings, and if the record is insufficient or unsatisfactory for this purpose, further testimony should be heard.

Appellee's contention that property inherited or received by gift from parents should not be considered in his estate for alimony purposes is without merit. Hall v. Hall, Ky., 380 S.W.2d 231.

It is unnecessary to discuss the living expenses of appellant as a factor to be considered or the allowance of an attorney fee inasmuch as both will have to be determined in the light of the findings concerning appellee's financial condition and ability to pay. As to attorney fee, see KRS 453.120; Patterson v. Patterson, Ky., 323 S.W.2d 862.

Judgment vacated as to alimony and case remanded with directions that the Chancellor make the necessary findings of fact and, if necessary, permit the taking of further testimony, allow alimony based thereon, and allow an attorney fee for appellant's counsel.