**Hazel MORGAN, Appellant,**

**v.**

**Joe MORGAN, Appellee.**

Court of Appeals of Kentucky.

Feb. 23, 1968.

Rehearing Denied May 24, 1968.

Courtney C. Wells, Wells & Wells, Hazard, for appellant.

S. M. Ward, Hazard, for appellee.

JAMES M. LASSITER, Special Commissioner.

This is a divorce action brought by Joe Morgan, appellee, against Hazel Morgan, appellant, alleging as his ground for divorce lewd, lascivious behavior on the part of his wife. KRS 403.020(4) (c). A further issue was raised in appellee's amended pleading that the marriage was void because appellant's previous marriage in the state of South Carolina was never legally terminated.

Appellant denied fault on her part and counterclaimed for divorce on the ground of cruel and inhuman treatment on the part of her husband for a period of not less than six months. She also sought restoration of property accumulated during the marriage and an award of permanent alimony.

Upon submission of the case, the chancellor granted the divorce to the husband, denied the wife alimony, and made a $750 cash award to the wife as restoration of property accumulated through their joint efforts during the marriage, with interest thereon at the rate of six per cent per annum from the date of the original judgment until paid. The chancellor further ordered that each of the parties pay one-half of the court costs, with each party to pay his or her own attorney fee. Since we feel

the judgment of the lower court must be reversed, it is necessary that a brief resume of the evidence be stated.

The parties were married to each other in December 1957, following a six-months' period of living together in a common-law status. Their separation occurred some eight years after the date of their marriage. During that time they operated a combination grocery store and beer parlor, with the appellant assuming the principal responsibility for the operation of these businesses while the appellee worked at some irregular outside employment. The wife also personally attended and worked a garden from which she supplied their household with vegetables, with the surplus being sold. It appears that the parties lived rather frugally, with virtually all of the profits realized from the businesses, the garden, and perhaps from the outside employment of the husband being contributed to a community fund reflected in the accumulated property owned by the parties at the time of their separation. These profits and savings were invested in making improvements on real estate, legal title to which was in the husband's name. The evidence is reasonably clear that the cash outlay for the improvements made during the marriage, over and above the personal labors of both parties, and including payment of debts owed by the husband prior to the marriage and paid during the marriage, amounted to something in excess of $4,700. In addition, a small and inexpensive lot was purchased by the parties during the marriage, legal title to which was taken and is now held in their joint names.

■ The chancellor determined, and we agree, that the proof is insufficient for the court to hold that the wife was already married when she and appellee married. Therefore, the marriage as between the parties to this action is a valid marriage.

■ On this appeal the wife complains that the evidence was completely insufficient to prove her guilty of lewd, lascivious behavior of such a nature to prove her to be unchaste. Without detailing the unsavory

charges and countercharges contained in the testimony, suffice it to say the evidence, with its logical implications and inferences, was sufficient to establish the ground for divorce alleged by the husband; and the findings of the chancellor in this regard will not be disturbed. It thus follows that the wife cannot recover permanent alimony. Woolsey v. Woolsey, Ky., 419 S.W.2d 753. This does not, however, deprive the wife of her right to an equitable restoration of property accumulated during the marriage.

■ The evidence is abundantly clear that the wife's own physical efforts and contributions to the improvements made on the husband's property during the period of their marriage were at least equal to the efforts and contributions made by the husband. The award of $750 is, in our opinion, inadequate, and the wife should be granted the sum of $2,350 in restoration of her property rights accumulated during the marriage.

■ Next, and finally, the wife complains of the ruling of the lower court in requiring that each party pay one-half of the court costs of the action and adjudging that each should pay his own attorney fee. KRS 453.120 provides:

> "In actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay the costs."

The proof in this case is completely void of any evidence of any estate owned by the wife other than that which is to be awarded in this action as restoration of her property. We do not feel this to be such an "ample estate," in contemplation of the statute, as would relieve the husband of the obligation to pay the costs of a divorce action, including a reasonable attorney's fee for the wife to be taxed as costs. Patterson v. Patterson, Ky., 323 S.W.2d 862. We are of the opinion, therefore, it was error to fail to require the husband to pay the costs of the action, including a suitable fee for the wife's attorney.

The trial judge was in error in the judgment that was rendered and the judgment of the lower court should be reversed and remanded for the purpose of awarding the appellant the sum of $2,350 in restoration of her property accumulated during the marriage, and for the further assessment of costs of the action, including a reasonable fee for appellant's attorney, to be fixed by the chancellor and paid by appellee.

Judgment reversed.

All concur.