**Glynn L. HEUSER, Appellant,**

v.

**Virginia B. HEUSER, Appellee.**

Court of Appeals of Kentucky.

March 26, 1971.

Clay & Clay, Danville, for appellant.

Sheehan & McClure, Danville, for appellee.

CULLEN, Commissioner.

This is an appeal by the husband from a judgment in a divorce case. He maintains that the judgment awarded too much property to the wife and too much monthly support for the parties' 15-year-old daughter.

The judgment granted the divorce to the wife. It awarded her full title to the jointly owned family residence and its furnishings but obligated her to pay the balance of a mortgage on the residence. It gave her $150 per month as periodic alimony. It required the husband to pay $250 monthly for the support of the daughter.

At the time of the divorce the husband was 47 years of age and the wife was 49. They had been married for almost 25 years. The husband was earning a salary of $13,000 per annum in regular employment and was capable of supplementing that to the extent of $1,000 to $1,500 per annum by doing electrical work on the side. The wife had worked regularly prior to 1955 in factory employment and had received as much as $75 per week, but at the time of the divorce she was working only part time for around $30 per week.

The assets of the parties at the time of the divorce consisted of the jointly owned residence, worth around $25,000 but subject to a mortgage of $14,000; furnishings worth around $2,500; a car with an equity value of $1,700; and some corporate stock worth $775. The court awarded the house and the furnishings to the wife, and the car and stock to the husband. The effect of this was to give the wife $13,500, and the husband $2,500, of the approximately $16,000 of net family assets. However, if the wife chooses to keep the house she must pay $115 per month on the mortgage until it is paid off.

The husband maintains that this division of property was patently unjustifiable. He suggests that giving the wife half of the property is the most that could be authorized. He refuses to recognize, however, that this would reduce the wife's estate and thus materially affect one of the factors employed in determining the amount of periodic alimony to be awarded to her.

The judgment here was entered before the decision in Colley v. Colley, Ky., 460 S.W.2d 821, and its correctness will be measured by pre-Colley principles, to the extent that we shall uphold the judgment if it conforms with pre-Colley principles and is not grossly out of line with a result that might be expected to be achieved had the case been decided under Colley.

A normal treatment as to the house would have been to give the wife the *use* of the house until the daughter reached 18, and then to make provision for its sale and a division of the proceeds. See Cooke v. Cooke, Ky., 449 S.W.2d 216. (This treatment would be appropriate under Colley also.) The husband would be required to make the mortgage payments during that period and to pay fair alimony to the wife. At the end of the period (three years in this case) the husband would receive his equitable share of the proceeds of sale of the house, which under the facts of this case could be one-half or approximately $6,000, and he would continue to be required to pay alimony.

Under the foregoing approach the husband reasonably might have been required to pay as much as $315 per month for mortgage payments and alimony during the three-year period of the daughter's mi-

nority, making a total outlay of $11,340 for the period. At the end of the period he would receive $6,000 from his share of the proceeds of the sale of the house, making his net outlay $5,340. Under the judgment here on appeal his net outlay (for alimony) during the three-year period will be only $5,400. We therefore can find no basis upon which the husband reasonably can complain of the judgment as concerns property division and alimony.

■ The allowance of $250 per month for support of the daughter is liberal but we cannot say that it is so excessive as to indicate an abuse of discretion by the trial court. It does not provide for a standard of living unreasonably high for the child of a man earning around $1,100 per month. Cf. Robbins v. Robbins, Ky., 333 S.W.2d 751.

The judgment is affirmed.

All concur.