Everett BRADLEY, Appellant,

v.

Judy Baldridge BRADLEY, Appellee.

Judy Baldridge BRADLEY, Cross-Appellant,

v.

Everett BRADLEY, Cross-Appellee.

Court of Appeals of Kentucky.

Nov. 19, 1971.

R. B. Harrington, Paintsville, for appellant and cross-appellee.

Joe Hobson, Prestonsburg, for appellee and cross-appellant.

NEIKIRK, Judge.

Everett Bradley and Judy Baldridge Bradley were married in 1960. After living together for ten years, they were separated. They have two children. During the marriage the parties acquired no real property. At the time of the divorce Everett was earning approximately $10,000 per year. Judy was not gainfully employed. Judy was granted a divorce and awarded the following: $12,000 in permanent alimony, to be paid in monthly installments of $100; child support in the sum of $225 per month; the household furnishings belonging to the parties; and $1,047.95 from a joint savings account. Everett was permitted to retain the family automobile. He was directed to provide hospital and medical insurance for Judy and the children. He also was required by the judgment to pay all the costs, including the fee for Judy's attorney. Everett appeals. Judy cross-appeals.

We do not deem it essential to detail the evidence introduced by the warring parties. We have examined the evidence and agree with the trial court that Judy was entitled to the judgment granting her the divorce.

■ No issue is made concerning the custody of the minor children of the parties, but Everett complains that the award of $225 per month for the support of his children is too great and also that he should not be required to pay for hospital and medical insurance for Judy and the children. We are reluctant to disturb a trial court's judgment concerning child support unless there has been a clear and flagrant abuse of the powers vested in that court concerning such matters. We cannot say that the child support payments are so excessive as to indicate an abuse of discretion by the trial court. Heuser v. Heuser,

Ky., 465 S.W.2d 276. The requirement that Everett pay for hospital and medical insurance for Judy and the children should be modified. The insurance for the benefit of the children is in keeping with the proposition that a father is responsible for the financial support of his children. To require Everett to pay for the insurance for the benefit of Judy would be in the nature of additional alimony. The trial court should not have required Everett to assume the financial burden of paying the premiums on hospital and medical insurance for the benefit of Judy in addition to the payment of alimony.

■ Judy is entitled to alimony. The decision as to the amount of alimony to be awarded rests squarely on the shoulders of the trial court. In Colley v. Colley, Ky., 460 S.W.2d 821, we said:

"If all legal conditions necessary for the allowance of permanent alimony are satisfied, then the trial judge is vested with a wide discretion to determine the amount and method of payment of the money damages awarded called 'alimony.' He shall make an award that is 'equitable.' There are so many considerations which are relevant that it would be pointless to attempt a complete enumeration of them. The amount of the husband's estate and his ability to pay and the wife's financial condition and her ability to maintain herself, in whole or in part, are material aspects. The ages, health, and prospects of the spouses, and the presence of infant children whose welfare must be considered are all elements of the problem. The relative fault of the parties, and significant sociological consequences should be weighed in alimony amount determinations."

The award of $12,000 alimony payable in monthly installments of $100 is "equitable."

■ The only property acquired by the parties to be divided are an automobile, household furnishings, and a savings account. The automobile was given to Everett. The household furnishings and $1,-

047.95 of the savings account were given to Judy. We can find no reason to disturb this portion of the judgment.

 The trial court did not err in requiring Everett to pay all costs, including the fee for Judy's attorney. KRS 453.120. Morgan v. Morgan, Ky., 427 S.W.2d 225.

The trial court will modify the judgment in conformity herewith; in all other respects the judgment is affirmed on the direct appeal and affirmed on the cross-appeal.

All concur.