Dorris Joe ROBINSON, Appellant,

v.

Ruthie Jane ROBINSON, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1977.

Sam T. Jarvis and James Tardio, Jarvis, Payton & Kinney, Greenville, for appellant.

Harold M. Streets, Streets & Cisney, Greenville, for appellee.

Before HAYES, LESTER and PARK, JJ.

HAYES, Judge.

This appeal arises out of a property disposition made in connection with a decree of dissolution of marriage. The appellant, Dorris Joe Robinson, contends that the trial court should have made specific findings of fact as to the value of certain properties and that the division of property was unfair.

During marriage appellant and appellee, Ruthie Jane Robinson, were the owners of a market and a drive-in restaurant. Appellant had purchased the drive-in restaurant prior to the marriage, but final payments were made on this business after marriage which amounted to $^{11}\!/_{30}$ of the purchase price. Before marrying appellant, appellee had been ½ record owner of the Apple House Market. The parties then purchased the entire interest in the market and a deed from appellee and her brother was given to appellee and her husband. In addition to the above properties, the parties also bought a home while married. The trial was by deposition and following the close of proof the special judge, William G. Fuqua, made determinations concerning custody, support and disposition of property.

With regard to the above mentioned property, the trial judge divided it as follows:

1. The Apple House Market and property was awarded to appellee, Ruthie Jane Robinson.

2. The drive-in restaurant was awarded to the appellant.

3. The family residence was awarded to the appellant. Furthermore, the appellant was required to assume all of the indebtedness on these properties.

It is appellant's contention that this disposition of property is not just and reasonable as is required by KRS 403.190 and *Colley v. Colley*, Ky., 460 S.W.2d 821. To substantiate their argument, appellant presents a comparison table of values received by the parties. This table is based upon figures extracted from the record. Using either the figures of the tax commissioner or those of the appellee it appears that the disposition is inequitable.

This court, however, cannot rectify this apparent inequitable distribution since it cannot from the findings of fact and conclusions of law determine if, in fact, this disposition is inequitable. The trial judge, in his findings and conclusions, did not make specific findings as to the values of the property awarded and did not make a determination as to what portion, if any, of the drive-in and market constituted non-marital property. In *Qualls v. Qualls*, Ky., 384 S.W.2d 326 the Court of Appeals was presented with a similar situation involving the lack of certain necessary findings of fact. In vacating the judgment as to alimony, the court stated:

> The Chancellor's findings of fact did not contain specific findings as to the properties comprising the estate of appellee, their values, his indebtedness, or his income and expenses. These are the essential and indispensable findings upon which a proper conclusion could have been reached as to the amount of alimony allowable. The evidence was in conflict on various points and unsatisfactory on other points. Without such findings, no satisfactory basis is afforded on which to determine the propriety of the alimony allowance.

As in *Qualls*, this court is without sufficient basis to determine the propriety of the property disposition. The judgment, therefore, is vacated as to the disposition of the residence, the drive-in restaurant and the market as well as its indebtedness, and remanded with the following directions:

1. The trial judge is to make specific findings concerning the values of the market, house and drive-in.

2. The trial judge is to make a determination of what portion, if any, of the drive-in and market is non-marital.

3. The trial judge is to order further testimony from the parties as to the indebtedness of the Apple House Market. This testimony is to be given in front of the judge and not by deposition. After receiving such testimony, the trial judge is to make a specific finding of the value of this indebtedness.

4. If after following the above directions, the trial judge finds an unjust distribution, then he is to adjust his disposition accordingly.

All concur.