ETHEL J. COLLINS, Plaintiff-Appellee, *v.* PRESTIGE CASUALTY COMPANY
OF SKOKIE, Defendant-Appellant.

First District (4th Division)    No. 76-682

Opinion filed November 17, 1977.—Rehearing denied December 13, 1977.

Greenberg, McCarthy & Riley, of Skokie, for appellant.

Anne L. Fredd, of Chicago (Holland and Ament, of counsel), for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order by the circuit court of Cook County denying a petition, filed by Prestige Casualty Company of Skokie, a corporation (hereinafter "defendant"), to vacate an ex parte judgment entered against it. The judgment sought to be vacated was upon an action brought by Ethel J. Collins (hereinafter "plaintiff") to recover actual and punitive damages from the defendant for failure to repair her auto and return it pursuant to an insurance policy issued by the defendant to the plaintiff.

The issues presented for review are (1) whether the circuit court's finding there was no motion to vacate filed within 30 days of the default judgment was contrary to the manifest weight of the evidence; and (2) whether it was an abuse of discretion for the circuit court to deny defendant's petition under section 72 (Ill. Rev. Stat. 1975, ch. 110, par. 72).

Plaintiff filed suit against the defendant for failure to repair and return her auto, pursuant to a policy of insurance. The complaint prayed for the recovery of actual and punitive damages.

The defendant was duly served with summons and on the return date, August 8, 1975, defendant failed to appear. A hearing on plaintiff's motion for judgment occurred on September 12, 1975. After that hearing the court entered judgment against the defendant in the sum prayed for in the complaint, plus costs.

On September 29, 1975, counsel for the defendant presented a motion to strike and dismiss the complaint. No written motion was made by the defendant to vacate the judgment previously entered.

The matter was continued until November 19, 1975, and then continued until December 29, 1975. On that date, the court observed the outstanding judgment entered on September 12, 1975, and ordered the motion to strike and dismiss stricken. The court then ordered the defendant to file a petition pursuant to section 72 of the Civil Practice Act within 10 days, with leave to the plaintiff to answer 10 days thereafter. The hearing on defendant's section 72 petition was then continued until February 9, 1976.

When the cause came up for a hearing on February 9, 1976, the defendant had not filed its section 72 petition as ordered by the court. Counsel for the defendant represented to the court the attorney who was to prepare the petition was out of the country and requested additional time in which to file its petition. The court granted the defendant's request for additional time, and continued the hearing on the section 72 petition until March 3, 1976.

On March 3, 1976, the defendant had still failed to file a section 72 petition, in disregard of the court's orders of December 29, 1975, and February 9, 1976.

The defendant filed its petition pursuant to section 72 on March 10, 1976, and the plaintiff filed an answer thereto on March 19, 1976. The court, after reviewing the court records and hearing extensive argument of counsel, observed there was no reference to a prayer to vacate the judgment in the motion to strike and dismiss, and no reference in the court's half-sheet as to defendant's argument an oral motion to vacate was made on September 29, 1975. The court concluded a motion to vacate the judgment had been neither entertained nor ruled upon by the court on September 29, 1975.

In considering the sufficiency of defendant's petition for relief under section 72, the court noted the series of proceedings which had transpired and ruled the defendant had failed to exercise due diligence in bringing its section 72 petition. Accordingly, the defendant's petition for relief under section 72 was denied.

Defendant argues the court's finding there was no motion to vacate filed on September 29, 1975, was contrary to the manifest weight of the evidence. On that date, counsel for the defendant first appeared in court and presented to the court a motion to strike and dismiss the complaint, along with a notice of motion to vacate the default judgment. No written motion was made by defendant to vacate the judgment previously entered and no transcript of the proceedings was made.

At a subsequent hearing on the cause the court observed there was no reference to a prayer to vacate the judgment in the motion to strike and dismiss, and no reference in the court's half-sheet on September 29, 1975, as to defendant's argument an oral motion to vacate was made. The court concluded a motion to vacate had not been made.

■■ The parties agree the defendant's September 29, 1975, notice of motion to vacate the default judgment is without effect since the Illinois Supreme Court has recently held, in *Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 388 N.E.2d 188, a notice of motion filed within 30 days of judgment does not satisfy the requirement that a motion to set aside a judgment must be filed within 30 days after entry thereof, because a mere notice is not a motion. Ill. Rev. Stat. 1975, ch. 110, par. 50(5).

We have made a complete search of the record and have failed to find any direct or positive proof a motion to vacate the default judgment was filed on September 29, 1975.

■■ Defendant contends since the court entered and continued the September 29, 1975, motion to strike and dismiss, the court must have entertained and allowed a motion to vacate the default judgment. This argument is without merit. To apply this theory would invite the filing of indirect motions and the confusion which would result. The court properly found the defendant failed to comply with the requirements of section 50(5) of the Civil Practice Act.

The defendant also submits it was an abuse of discretion for the court to find the defendant lacking in due diligence, thereby denying defendant's section 72 petition.

■■ The law is well established, and the parties agree, a party seeking relief under the provisions of section 72 much show not only it has a meritorious defense to the allegations, but also it has exercised due diligence. (*In re Estate of Pollack* (1975), 28 Ill. App. 3d 987, 329 N.E.2d 553.) The provisions of section 72 are not intended to relieve a party of the consequences of its own negligence or that of its attorney. *Campbell v. Kaczmarek* (1976), 39 Ill. App. 3d 465, 350 N.E.2d 90.

In proceedings on a motion to set aside a judgment, the burden is on the petitioner to prove his allegations by a preponderance of the evidence. *McKinnon v. Yellow Cab Co.* (1975), 31 Ill. App. 3d 316, 333 N.E.2d 659; *People v. Etheridge* (1972), 8 Ill. App. 3d 235, 289 N.E.2d 659.

A petition for relief under section 72 of the Civil Practice Act is always addressed to the equitable powers of the court. (*Klehm v. M. Suson & Associates, Inc.* (1974), 22 Ill. App. 3d 1070, 318 N.E.2d 346.) The court may exercise its discretion in any question regarding the equities of the cause, and only where there is an abuse of discretion will a reviewing court interfere. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.

■■ In proceedings on petition for relief from judgments or decrees, the credibility of witnesses rests with the trier of fact and the appellate court will not substitute its judgment for that of the trier of fact unless it is against the manifest weight of the evidence. *Nashlund v. Sabade* (1976), 39 Ill. App. 3d 139, 350 N.E.2d 90.

In the instant case, the circuit court found an absence of diligence by the defendant. In commenting on this fact the court stated:

"I am particularly struck by Judge Englestein's order of December 29, requiring that a section 72 petition be filed immediately.

* * *

The courts in Illinois, the court of review, has been very explicit in its requirement of due diligence being exercised by the defendant. I regretfully see an absence of it in this case."

■■ After a complete examination of the record, we find the defendant has failed to bear his burden of proving diligence in this matter. Consequently, we hold the circuit court properly exercised its discretion in denying defendant's petition for relief under section 72.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.