CAROL V. PRENZLER, Plaintiff-Appellee, *v.* LYLE H. PRENZLER, Defendant-Appellant.

Third District No. 77-49

Opinion filed December 12, 1977.

V. James Cerri, of Cirricione, Block and Krockey, P. C., of Joliet, for appellant.

Richard R. Wilder, of Morris, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant brings this appeal following a default judgment entered in favor of plaintiff in an action to recover child support arrearages.

When plaintiff Carol Prenzler obtained a divorce from her husband, Lyle H. Prenzler, in 1965, she was awarded custody of the couple's two daughters, who were then 8 and 10 years of age, and defendant was ordered to pay $300 each month "as support money for said minor children * * * until further order of this Court." After the divorce, defendant remarried and moved to California. In 1968 plaintiff obtained a default judgment for $3,188.93 against defendant for $2400 support arrearages, $84.48 accrued interest, and $704.45 attorney's fees. In 1971 plaintiff again obtained a default judgment against defendant. At that time support arrearages were $4,350, interest was $310.90, and attorney's fees were $1,170.83, for a total of $5,831.33. In March of 1973 plaintiff filed a third petition to recover $2,700 arrearages, but no judgment was entered on that petition.

Finally in May of 1976 plaintiff filed the petition involved in this appeal, wherein she sought to recover $17,631.73 in unpaid support computed up to March 31, 1976. After the sheriff of Orange County, California, was unable to serve defendant with process, the court by order authorized Marion Tatum to serve defendant, and Tatum duly executed and filed an affidavit reciting that a copy of the petition and notice of hearing were personally served upon defendant at 1251 Landfair Circle, Santa Ana, County of Orange, California, on October 8, 1976. Defendant neither appeared nor filed any motions or pleadings, and default judgment was entered for $19,431.43 support, $3,112.57 interest, and $5,000 attorney fees, totaling $27,915.10.

Within 30 days defendant filed a motion to vacate the judgment, alleging that he was never served with notice of the hearing and that he

was entitled to certain credits against the judgment. In defendant's affidavit attached to his motion, he denied being served by Marion Tatum on October 8 or any other occasion, and he asserted that he only owed $3,270 in child support because his obligation to support his children terminated when they reached their majority at age 18. Defendant filed two other affidavits in support of his motion. One affidavit was that of his California attorney who stated that he found copies of the notice and petition under the windshield of defendant's car when he borrowed it on October 8, 1976. The other was an affidavit by defendant's present wife stating that on October 2, 1976, she found copies of the notice and petition in the mailbox at 1251 Landfair Circle, Santa Ana, California, which is not their mailing address.

Defendant appeared pro se at the hearing on his motion to vacate and, after stating that he intended to stand on the affidavits, defendant asked to present evidence as to the amount due to plaintiff. The trial court ruled that defendant did not overcome the presumptive validity of the service, which was returned in due form, and refused to permit any evidence as to the amount due, stating that any evidence which goes beyond the motion to vacate is out of order. The motion to vacate was denied, and defendant appeals from that ruling.

■■ Defendant insists that he did overcome the presumption of valid service of process and hence that the judgment should be vacated for lack of notice. The affidavits of defendant's wife and of his California attorney indicate that copies of the petition and notice were placed on defendant's car and in his home mailbox, but they in no way negative the presumption that a valid personal service was accomplished at some other time in some other manner. The only evidence directly contradicting Tatum's affidavit is defendant's denial. In such a circumstance we cannot say that the trial court's finding was contrary to the manifest weight of the evidence. Hence, we conclude that the judgment should not be vacated for lack of notice.

■■ Defendant also contends that the default should be set aside under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 50(5)) on the ground that he was denied substantial justice in granting the default judgment. The test for vacating a default judgment is whether substantial justice is being done between the litigants and whether, under the circumstances of the case, it is reasonable to compel the other party to go to trial on the merits. (*Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 349 N.E.2d 52; *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841.) In support of his argument, defendant claims that his obligation to support his oldest daughter terminated in 1973 and his younger daughter, in 1975, when each reached 18 years of age. Illinois law recognizes that a parent's liability for child support

continues during the minority of a child which, for these children, ends at age 18 (*Wilson v. Wilson* (2d Dist. 1970), 122 Ill. App. 2d 142, 257 N.E.2d 810; *Strum v. Strum* (4th Dist. 1974), 22 Ill. App. 3d 147, 317 N.E.2d 59) and that a divorce decree may require a parent to provide for a child's education expenses beyond the age of majority. (*Sovey v. Sovey* (3d Dist. 1975), 30 Ill. App. 3d 690, 333 N.E.2d 299. See also Ill. Rev. Stat. 1975, ch. 40, pars. 14, 19.) The decree in the case at bar did not mention college education, but rather required defendant to make support payments for his "minor children." In the absence of a modification of the decree extending liability for support beyond age 18 (see *Imes v. Imes* (3d Dist. 1977), 52 Ill. App. 3d 792, 367 N.E.2d 1075), defendant has shown a possible defense to part of the unpaid support claimed by plaintiff.

■■ Under the particular circumstances of this case, we believe defendant is entitled to a hearing on the merits. It appears that substantial justice was not done between the parties when the default judgment was entered, and that it would not be unreasonable to compel plaintiff, who resides in Illinois, to proceed to trial. In such a situation, the court should vacate the default. *Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 349 N.E.2d 52; *Ingersoll Aluminum Products Co. v. Busse* (3d Dist. 1977), 49 Ill. App. 3d 1015, 364 N.E.2d 1001.

Defendant also protests the allowance of $5,000 for plaintiff's attorney's fees. That award is also vacated, and upon remand the trial court should hear testimony as to the time and work expended in performing legal services. *Larkin Bank v. Ishak* (2d Dist. 1976), 43 Ill. App. 3d 918, 357 N.E.2d 840. *Cf. Parkway Bank & Trust Co. v. LeVine* (1st Dist. 1977), 45 Ill. App. 3d 497, 359 N.E.2d 882.

Finally we note that under section 801(d) the new Illinois Marriage and Dissolution of Marriage Act (P.A. 80-923, effective October 1, 1977), is not applicable to an appeal which was pending on the effective date of the Act. Thus the trial on the merits will be governed by the law in effect when the motion to vacate was denied.

For the reasons given, we reverse the judgment of the Circuit Court of Grundy County, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ALLOY and SCOTT, JJ., concur.