ELVIRA L. DeMET, Petitioner-Appellee, *v.* MICHAEL C. DeMET, Respondent-Appellant.

First District (1st Division)    No. 78-754

Opinion filed July 30, 1979.

James J. Reagan, of Northbrook, for appellant.

Robert A. Bush, of Bush and Kurtz, of Mt. Prospect, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Respondent Michael C. DeMet appeals the denial of his section 72 petition which sought to vacate a default divorce decree entered against him by petitioner, Elvira DeMet. The trial court denied the petition because it was brought more than one year after the divorce decree was entered and was, therefore, not filed in good faith or with diligence. Respondent appeals.

On appeal, respondent argues that the trial court abused its discretion when it denied his section 72 petition without first giving him the opportunity to testify as to its merits.

We affirm.

Petitioner Elvira DeMet obtained a default divorce decree against respondent Michael DeMet on December 8, 1976. In rem jurisdiction over respondent was obtained through publication. The issues of alimony and property rights were reserved by the trial judge until such time as personal jurisdiction could be obtained over respondent.

On January 6, 1977, the respondent, through his attorney, filed a limited appearance and moved to vacate the default decree. The motion was denied.

On July 27, 1977, respondent filed a general appearance on the issue whether petitioner should receive temporary support. All parties were present and, at the conclusion of the proceeding, an order for temporary support was entered.

On December 20, 1977, respondent filed a petition to set aside the divorce decree pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). As grounds for vacating the divorce decree, respondent asserted that petitioner had, in fact, deserted him and that he did not desert her. He further asserted that he did not become aware of the divorce decree until August of 1977 and concluded therefore, that he was diligent in filing his section 72 petition. On January 23, 1978, the trial court denied respondent's petition without giving him an opportunity to testify on the matter, even though he was present in court. The trial court denied his petition after concluding that on its face, the petition was obviously not filed in good faith or a timely fashion. Respondent appeals.

On appeal, respondent argues that the lower court abused its discretion by denying his section 72 petition without first giving him an opportunity to testify. He notes that in his petition he alleged due diligence and a meritorious defense and concludes, therefore, that it was manifest error for the trial court to deny his petition without giving him an opportunity to testify as to its merits.

■■ We disagree. In Illinois, a party seeking relief from a default judgment by way of a section 72 petition, must show not only a meritorious defense to the cause of action, but also that he has exercised due diligence in the filing of his petition. (*Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103; *Campbell v. Kaczmarek* (1976), 39 Ill. App. 3d 465, 350 N.E.2d 97.) Section 72 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistakes or the negligence of his trial counsel (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294), and it is the duty of every litigant to follow the progress of his case, rather than merely assuming that counsel is doing all that is necessary. (*Stewart v. Beegun* (1970), 126 Ill. App. 2d 129, 261 N.E.2d 495.) In the instant case, no facts are presented on either the face of the petition or the record which tend to

establish diligence by the respondent. In fact, the record indicates just the opposite. The default divorce decree was entered on December 8, 1976. However, respondent did not file his section 72 petition until December 20, 1977, over a year later. He alleges that he was not aware of the divorce decree until August of 1977. This allegation is spurious at best. Earlier that year, on January 6, respondent, through his attorney, moved to have the divorce decree dismissed. On July 27, respondent appeared in court for a hearing on the issue of temporary support. It is difficult to conceive how respondent can now argue that he was not aware of the default decree entered against him until August of 1977. Even so, he still delayed four months more before seeking section 72 relief. Delays of only three months have been held to show a lack of diligence. (*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518.) Consequently, we hold that the trial court properly exercised its discretion in denying respondent's petition for relief under section 72. There existed more than sufficient evidence to show a lack of due diligence by respondent. See *Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.