*In re* MARRIAGE OF JACK FLEMING, Petitioner-Appellant, and ELIZABETH R. FLEMING, Respondent-Appellee.

Second District No. 79-188

Opinion filed January 29, 1980.

Sheldon Engel, of Chicago, for appellant.

John T. Perry, of Vescelus & Perry, of Wheaton, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Petitioner, Jack Fleming (husband), appeals from a divorce decree entered by the Circuit Court of Du Page County which ordered the distribution of marital property, required him to pay a portion of respondent's attorney's fees and ordered him to contribute to his daughter's educational expenses.

On December 8, 1962, husband married respondent, Elizabeth Fleming (wife). No children were born of the marriage, but husband adopted wife's child, Kathy Jo, who was 19 years old at the time of trial. In November 1969, the parties purchased the marital home for $21,500. In August 1971, wife and Kathy Jo left the marital home and have not returned.

On February 15, 1978, husband filed suit for divorce seeking, among other things, title to the marital home. At the hearing, husband testified that during the period of separation he paid all the household expenses, including the mortgage, real estate taxes and maintenance, which averaged approximately $223 per month for a total of $18,421. In addition, he spent approximately $1,500 on home improvements. Husband further testified that his annual gross income was approximately $25,000, and that his net income was $1,385 per month. In addition to the home, his assets included $8,000 in a company savings plan. However, he testified that he had borrowed $3,000 against this account which he was presently repaying. Husband estimated his expenses to be $1,000 per month.

Wife, age 53, testified that her annual gross income was $15,480, or approximately $1,000 per month net. In addition, she owned approximately $8,000 in company stock and a $900 savings account. Her monthly expenses amounted to $719 to $769 per month.

Kathy Jo, a student at North Central College, earns approximately $2,500 per year. Her tuition at North Central is about $3,500 per year. Each year she receives about $2,000 in scholarship money. Wife testified that she contributed about $500 per year to Kathy Jo's living expenses.

On February 20, 1979, the trial court entered an order which

provided that the parties would bear equally Kathy Jo's college expenses (tuition, room and board) less scholarships, that the equity in the marital home would be divided equally between the parties, and the husband would pay $445 of wife's attorney's fees. Husband filed a timely appeal.

Husband raises three questions on appeal: (1) whether the trial court erred in refusing to credit him for his payments on the marital home, (2) whether the trial court erred in ordering him to pay a portion of wife's attorney's fees, and (3) whether the trial court erred in ordering him to pay one-half of his daughter's college expenses.

Husband first claims that he should be awarded a larger portion of the equity in the marital home to compensate him for his payment of respondent's share of the expenses. Section 503 of the new Marriage and Dissolution of Marriage Act governs the distribution of property upon divorce. This section provides that all property acquired during the marriage shall be considered marital property, with certain exceptions, such as, property acquired by inheritance or gift which shall be considered non-marital property. (Ill. Rev. Stat. 1977, ch. 40, par. 503(a).) In a proceeding for the disposition of property following a dissolution of marriage, the court is directed to award each spouse his own nonmarital assets and to "divide the marital property without regard to marital misconduct in just proportions considering all relevant factors * * * ." (Ill. Rev. Stat. 1977, ch. 40, par. 503(c).) The distribution of marital property rests within the sound discretion of the trial court. *Ayers v. Ayers* (1978), 61 Ill. App. 3d 936, 378 N.E.2d 792.

● In this case, the home, which was purchased during the marriage, was properly categorized as marital property. Husband is only entitled to a credit for payment of home related expenses if he can trace the source of these payments to his nonmarital funds. However, husband's income during the marriage is not considered nonmarital property. (Ill. Rev. Stat. 1977, ch. 40, par. 503(b).) Thus the trial court was not required to allocate to husband a larger share of the equity in the marital home.

● The cases cited by husband were decided in the context of the prior act where traditional property principles applied to the disposition of property upon divorce. (*Gilmore v. Gilmore* (1975), 28 Ill. App. 3d 36, 328 N.E.2d 562; *Anderson v. Anderson* (1978), 62 Ill. App. 3d 468, 378 N.E.2d 1079.) Under the new act, traditional property rules do not apply as between the parties. [1] The trial court is instead required to distribute marital property in an equitable manner taking into account all relevant factors. (Ill. Rev. Stat. 1977, ch. 40, par. 503(c).) Its decision in this regard will not be reversed absent an abuse of discretion. Although husband paid approximately $230 per month in expenses on the home, he occupied

---

[1] Language to the contrary in *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 376 N.E.2d 1382, that traditional property law applies, refers to the rights of third persons.

the premises for seven years without paying rent. At the same time, wife assumed almost the entire responsibility of supporting their child. We therefore conclude that the trial court's refusal to grant husband a larger portion of the equity in the marital home was not an abuse of discretion.

■■ Husband next challenges the order requiring him to pay a portion of wife's attorney's fees. The trial court, after considering the financial resources of the parties, may order either party to pay the other's reasonable attorney's fees. (Ill. Rev. Stat. 1977, ch. 40, par. 508.) To justify an award of fees, the party seeking relief must show financial inability to pay and the ability of the other spouse to do so. (*Christian v. Christian* (1979), 69 Ill. App. 3d 450, 387 N.E.2d 1254.) In this case wife's income is $15,489 per year. In addition she has approximately $8,000 in stock and $900 in savings. While husband earns $25,000 per year and has about $8,000 in savings, he has an outstanding loan of $3,000 for the payment of his attorney's fees. Under these circumstances we conclude that the trial court abused its discretion in ordering husband to pay wife's attorney's fees. See *Imes v. Imes* (1977), 52 Ill. App. 3d 792, 367 N.E.2d 1075.

■■ Finally, husband challenges the provision requiring him to pay a portion of his daughter's educational expenses. Under section 513 of the Marriage and Dissolution of Marriage Act, the trial court is empowered to provide for the education and maintenance of nonminor children as equity may require after considering, among other things, the financial resources of both parents and the financial resources of the child. (Ill. Rev. Stat. 1977, ch. 40, par. 513.) With respect to educational expenses, the trial court's order provides that:

> "2. The college educational expenses of Kathy Jo, their daughter, shall be limited to tuition, room and board, less any scholarships and shall be borne equally by the parties provided she pursues a course of college education leading to a degree."

The record shows that the daughter earned $2,500 per year in gross income plus $2,000 per year in scholarships. Her tuition amounted to $3,500 per year. Husband argues that his daughter is able to cover her college tuition and room and board without assistance from him. However, husband fails to consider that Kathy Jo's earnings must also cover other necessary expenses and living expenses during vacations. We conclude that it was not error for the trial court to require husband to share in Kathy Jo's educational expenses. This case is distinguishable from both *Singer v. Singer* (1979), 70 Ill. App. 3d 472, 388 N.E.2d 1051, and *Westerberg v. Stephens* (1979), 76 Ill. App. 3d 119, 394 N.E.2d 875. In both *Singer* and *Westerberg*, the fathers' monthly expenses exceeded their income, thus it was proper to require the children to bear the cost of their own college education. In this case husband admits to a monthly

excess of approximately $300. It was therefore proper to require him to share in his daughter's educational expenses to the extent provided for in the trial court order.

We note, however, that although the trial court's order with respect to educational expenses is based on the present earnings and expenses of the parties and their daughter, the provisions of the order are not subject to any express limitations. While the order properly quantifies the present obligations of the parties, the formula of the husband and wife bearing equally tuition and room and board, less any scholarships, may prove inequitable should there be substantial changes in income and/or expenses. Thus we recognize that the trial court may be called upon to modify the educational expense portion of its order at some future date.

In sum, we affirm the trial court's order with respect to the property disposition and the provision for educational expenses. We reverse the provision requiring husband to pay a portion of wife's attorney's fees.

Affirmed in part, reversed in part.

NASH and WOODWARD, JJ., concur.