*In re* MARRIAGE OF AILEESHA POTTER, Plaintiff-Appellee, and
DONALD C. POTTER, Defendant-Appellant.

First District (5th Division)    No. 80-989

Opinion filed September 12, 1980.

Donald C. Potter, of Chicago, for appellant, *pro se.*

Philip G. Mazzio, of Chicago (Irving Lewis, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal, the issue presented by defendant is whether the trial court improperly denied his supplementary petition seeking suspension and/or termination of alimony and child support.

When the parties were divorced in 1966, after 13 years of marriage, the decree gave custody of their seven minor children to plaintiff and required defendant to make monthly payments of $150 as alimony and $300 for child support. On petition of plaintiff in 1973, the monthly payments were increased to $200 for alimony and $450 for the support of the five children who were still minors, with a proviso that there be a decrease of $25 in alimony and $50 in child support as each of the three eldest children reached majority. In 1977, defendant petitioned for the termination or suspension of alimony and a decrease of child support. An answer and counterpetition were filed by plaintiff, but both petitions were eventually continued generally, and it appears that no other action was taken by the court concerning them.

The next activity appearing in the record was the filing by defendant on February 28, 1979, of a supplementary petition seeking the denial, termination or suspension of alimony and the suspension of child support for the two remaining minor children. It alleged in pertinent part that the awards of alimony and child support in 1973 were predicated on monthly net incomes of $1,440 for defendant and $300 for plaintiff; that since March 1, 1979, he has been unemployed and is receiving a gross income of only $65 per month from the rental of a vacant lot. The supplemental petition also asserted, on defendant's information and belief, that plaintiff received a $10,000 profit on the sale of their house and that she was now earning an income substantially in excess of $300 per month.

A hearing was held June 26, 1979, on the supplemental petition, at which plaintiff and defendant were present and both were sworn, but defendant was the only witness to testify. He stated that he has been unemployed since March 1, 1979, and that his present income was only $65 per month from the rental of a trailer lot; that his present wife owned six rental apartment buildings but she acquired all of them from her own funds; that he was an attorney and had been associated with a law firm for 17 years before his resignation on March 1, 1979; that although he became a partner in 1974 and was receiving a yearly income of $50,000, he resigned from the firm on February 28, 1979, because he had been "passed over" a

number of times in the sense that each year younger attorneys had been put at higher levels in the firm; that he had made no effort to find new employment since his resignation; and that he and his present wife have an 11-year-old son.

The supplemental petition was denied, and defendant then filed a timely motion to vacate the denial order and for a rehearing, which was supported by his affidavit stating, in relevant part, that he terminated his law firm relationship because he received inequitable treatment; that due to his present wife's independent wealth he had not sought reemployment or unemployment compensation; that only two of the children were still residing with plaintiff; and that, upon his information and belief, plaintiff had a yearly employment income in excess of $12,000.

A hearing on this motion was held March 7, 1980, which consisted entirely of colloquy between the court, plaintiff's attorney, and defendant—who appeared pro se in all the trial court proceedings (as he is here), during which defendant stated that his resignation was voluntary and his take-home pay from the firm when he resigned was about $2,700 a month; that although he did not look for employment for many months thereafter and was still unemployed, he had started a small business in January 1980 which had earned only $136. The motion for rehearing was denied[1] and a timely notice of appeal has been filed from that order.

OPINION

In his supplemental petition, defendant sought termination or suspension of maintenance and child support. He agrees that under section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 510(a)) termination or suspension is permitted "only upon a showing of a substantial change of circumstances," and we note that the burden of demonstrating such circumstances is on the person seeking the relief. See *Glass v. Peitchel* (1976), 42 Ill. App. 3d 240, 355 N.E.2d 750; *Daum v. Daum* (1973), 11 Ill. App. 3d 245, 296 N.E.2d 614.

Defendant initially contends that at the hearing on the supplemental petition, the trial court failed to give him "an adequate opportunity to present evidence concerning substantial changes of circumstances as relating to plaintiff." In support of this petition, he states only the following:

"Although the Court listened to testimony from the Defendant regarding the change of circumstances as they related to Defendant by the termination of his employment, the Court indicated at the hearing of June 25, 1979, that because of Defendant's voluntary termination of employment, the Court was not sympathetic to the

---

[1] Defendant had cross-petitioned for a rule to show cause because of an alleged arrearage of $4,675, and the order appealed from also found defendant in contempt—which was apparently purged by him at a later date. In any event, no question as to contempt is involved in this appeal.

changes that may have related to the Plaintiff. [Page reference given.] With such an expression by the Court and the denial of Defendant's Petition [page references given] it was apparent to Defendant that to persist further in an endeavor to delve into any change of circumstances as they related to the Plaintiff and the needs of the children would be to of no avail."

Our examination of the record reveals, however, that defendant did not raise any question in the trial court as to whether he had been given an adequate opportunity to present changes in plaintiff's circumstances. Neither does the motion for rehearing or the affidavit in support thereof raise any question in that regard. Moreover, it appears that plaintiff did not intend to present additional evidence in this regard, as in his affidavit supporting his motion for rehearing he states:

"24. That inasmuch as the allegations of defendant's supplemental petition were not denied prior to the hearing on said supplemental petition on June 25, 1979, defendant did not put on testimony concerning anything other than the facts surrounding his unemployment, and thus the Court was not fully advised of the substantial change of circumstances as they relate to plaintiff."

■■ Because an issue not presented to or considered by the trial court cannot be raised for the first time on appeal (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417; *Kirsch v. Rochford* (1977), 55 Ill. App. 3d 1042, 371 N.E.2d 899), we reject defendant's contention that he was not given the opportunity to present evidence as to plaintiff's change of circumstances.

■■ In any event, we have examined the report of proceedings, including the page references mentioned above, and we find no support for this contention. Indeed, it appears that defendant made no request of the court at any time that he be permitted to present any evidence concerning a change in plaintiff's circumstances, and the record reveals no indication that he was in any manner obstructed or limited in the presentation of his case. To the contrary, we note in the quote above from his affidavit that because the allegations of his supplemental petition were not denied, he "did not put on testimony concerning anything other than the facts surrounding his unemployment." That this was a calculated decision on his part is also apparent from the fact that he did not call plaintiff as an adverse witness, although she was present and had been sworn to testify.

Defendant nonetheless suggests that the content of his affidavit sufficiently established a substantial change in plaintiff's financial condition so that the trial court should have granted his motion for a rehearing. We disagree.

■■■ A motion for rehearing is proper under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3), and whether such a

motion should be granted is ordinarily within the discretion of the trial court. (*Freeman v. Augustine's, Inc.* (1977), 46 Ill. App. 3d 230, 360 N.E.2d 1245.) Where evidence could have been presented during the trial and there was ample opportunity to do so, it is not an abuse of discretion to deny a rehearing so that such evidence could be presented. (*Freeman v. Augustine's, Inc.*) Here, defendant's supplemental petition with regard to plaintiff's financial situation stated only that, upon defendant's information and belief, she received a $10,000 profit on the sale of the house and was now earning an income substantially in excess of $300 a month. At the hearing on that petition, he gave no testimony concerning her financial condition. In his motion for rehearing, he made no statement as to plaintiff's circumstances and in the supporting affidavit stated only upon his information and belief, plaintiff had a yearly employment income in excess of $12,000. At the hearing on this motion, he made no reference to any change in plaintiff's circumstances. Thus, the only information provided the trial court concerning plaintiff's financial situation were statements made by defendant based upon his information and belief and, of course, they were not and should not have been considered by the trial court. Such evidence could properly have been presented after obtaining the necessary proof through discovery prior to the hearing or by calling plaintiff as an adverse witness. Plaintiff did neither and, under the circumstances, it is clear that by his motion for rehearing he was seeking only to possibly present evidence that could and should have been presented at the hearing on the supplemental petition.

Defendant also contends that "even without evidence concerning a substantial change of plaintiff's circumstances, the change of defendant's circumstances were substantial enough to entitle defendant to some relief."

The only information provided by defendant concerning his change of circumstances was his unemployment beginning March 1, 1979, when he resigned voluntarily from the law firm and that his gross income after that date was $65 monthly until he started a business in January 1980 from which he had earned $136 at the time of the hearing on the petition.

■■ Thus, the court was presented a picture of a practicing attorney who had been a partner in a law firm from which he was receiving $50,000 at the time of his resignation, who thereafter did not resume the practice of law or seek to earn income in any other manner because, as stated in his affidavit, his wife was independently wealthy; whose monthly payments, totaling $650 in 1973, had decreased to $425 by March 1, 1979; whose monthly net income in 1973 was $1,440 and, on March 1, 1979, was $2,770—yet, he was in arrearage of payments; who gave no testimony as to his current net worth, although after 17 years of association with the law firm—with a yearly income that reached $50,000—it could be presumed that he had accumulated some assets; who has made no statement that he was suffering

any hardship by reason of the required payments; and who presented no specific evidence of any change in the financial situation of plaintiff. Given that picture, it is clear to us that defendant did not establish a substantial change of his circumstances to justify suspension or termination of payments as requested in his petition.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.