*In re* MARRIAGE OF BARBARA J. KOPEC, Petitioner-Appellee, and RONALD KOPEC, Respondent-Appellant.

First District (4th Division)   No. 81-724

Opinion filed May 27, 1982.

JIGANTI, J., dissenting.

Stephen L. Baum, Ltd., of Chicago, for appellant.

Maureen J. McGann-Ryan, of Chicago, for appellee.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Respondent, Ronald Kopec, appeals from an order denying his petition to vacate a default judgment for dissolution of marriage or for a rehearing on the issue of property division. He contends that his right to substantial justice and fundamental fairness was violated by the action of the trial court, that the trial court erred by proceeding with an *ex parte* hearing without additional notice to him, and that the trial court abused its discretion by denying his post-trial motion.

We affirm.

On October 25, 1979, petitioner, Barbara Kopec, filed suit for dissolution of marriage. Respondent answered but on January 22, 1980, his counsel withdrew. On February 29, 1980, a notice of motion for pretrial hearing was mailed to respondent and the case was assigned for a pretrial conference; respondent failed to appear. On July 23, 1980, a notice was mailed to respondent informing him that petitioner would appear in court on July 31, 1980, and request an immediate prove-up hearing. Again, respondent failed to appear.

At the *ex parte* hearing, petitioner testified that she and respondent were married on March 31, 1979, and separated on September 15, 1979. Attempted reconciliations in October 1979 and June 1980 failed. Petitioner requested $10,000 in a lump sum which represented her equity in the jointly owned marital residence. The trial court entered a default order against respondent.

On September 10, 1980, respondent filed a petition alleging that the July 31, 1980, hearing was "manifestly unfair and unconscionable," that he did not have counsel or notice, and that he had a meritorious defense. Respondent asked that the order be vacated, that the court refrain from entering a judgment for dissolution, that he be allowed to respond to the petition for dissolution, and that the case be returned to the contested trial court or, alternatively, that he be given sufficient time to prepare for trial.

At a hearing on October 10, 1980, respondent testified that he received no notices of pretrial conference or the prove-up, that he had trouble receiving his mail, and that he did not pursue the divorce litigation because he felt a reconciliation was possible.

Barbara Kopec testified that when she filed for divorce, respondent said he would carry out the proceedings forever and would never give her a divorce, and that after she moved back to the marital home in June 1980 respondent chased her out of the house and smashed her car with an ashtray. When petitioner's counsel asked whether petitioner paid any of respondent's debts, respondent's objection was sustained. The court stated that respondent had not made an issue of the fairness of the property settlement even though he alleged unfairness in the September 10, 1980 petition. The court concluded, "So apparently he has abandoned that [issue] for the purpose of this particular case." The trial court denied respondent's petition and entered judgment for dissolution of marriage on October 23, 1980.

On November 20, 1980, respondent filed a motion under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3), asking the court to reconsider its judgment. On March 24, 1981, the trial court denied respondent's motion and respondent appealed.

Respondent contends his right to substantial justice and fundamental fairness was violated by the trial court's refusal to vacate the default judgment. The test for vacating a default judgment is whether substantial justice is being done between the litigants and whether, under the circumstances of the case, it is reasonable to compel the other party to go to trial on the merits. (*Prenzler v. Prenzler* (1977), 55 Ill. App. 3d 244, 246, 370 N.E.2d 642, 644.) The reviewing court need not determine, as a matter of law, that the trial court abused its discretion, but only resolve the question of whether justice has been served. *Karaskiewicz v. Karaskiewicz* (1976), 38 Ill. App. 3d 509, 511, 348 N.E.2d 184, 186.

■■ We note that respondent's first petition of September 10, 1980, did not seek to vacate a default judgment but an order of default. Judgment for dissolution of marriage was not entered until October 23, 1980. Respondent's second petition urged the trial court to reconsider its judgment. Barbara Kopec urges that the trial court had no jurisdiction to consider either of respondent's petitions because the first petition was

filed over 30 days after the entry of the default order and the second merely repeated the points raised by the first. Section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 50(5)) provides as follows:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."

Petitioner's argument ignores the fact that the July 31, 1980, default order was not a final judgment. (*Kazubowski v. Kazubowski* (1971), 48 Ill. 2d 401, 402, 270 N.E.2d 845, 846.) Therefore, we hold that the court had jurisdiction to consider respondent's first petition prior to the entry of judgment.

■■ Respondent's second petition was filed under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3), which provides as follows:

> "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment * * * file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."

Respondent's second petition was filed November 20, 1980, which was within 30 days of the entry of judgment. Therefore, we hold that the trial court had jurisdiction to consider respondent's second petition.

Assuming that substantial justice is the proper standard in this case, we hold that substantial justice will best be served by affirming the judgment of the trial court. On October 10, 1980, an evidentiary hearing was held on respondent's first petition to vacate the default order. Respondent testified that he did not receive notice and presented no evidence on the disposition of the marital property. When the trial judge remarked that respondent had abandoned the issue of property division, respondent was silent.

■■ The judgment for dissolution provided that respondent either pay petitioner $10,000 to relinquish her interest in the marital home or pay her one-half of net proceeds upon its sale. Respondent alleged that he paid the entire $25,000 down payment on the home which was owned in joint tenancy. It was purchased during the marriage and was properly characterized as marital property. (Ill. Rev. Stat. 1979, ch. 40, par. 503; *In re Marriage of Fleming* (1980), 80 Ill. App. 3d 1006, 1008, 400 N.E.2d 625, 627.) Thus, the award of $10,000 represented less than petitioner's one-half interest in equity in the home. In addition, no attorney fees nor maintenance was awarded to petitioner, and the personal effects, furniture and furnishings were fairly distributed. The trial court is required to distribute marital property in an equitable manner taking into account all relevant factors and its decision in this regard will not be reversed absent

an abuse of discretion. (*In re Marriage of Fleming* (1980), 80 Ill. App. 3d 1006, 1008.) We hold, therefore, that the settlement was fair and that the trial court did not abuse its discretion in this case.

■■ Respondent next contends the trial court erred by proceeding with an *ex parte* hearing without additional notice to him. He cites section 405 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 405), which grants the trial judge authority to require additional notice to a respondent in default. We disagree with respondent's contention. In this case, respondent was granted a hearing on October 10, 1980, and, thus, had notice of the pendency of the suit before entry of judgment for dissolution on October 23, 1980. Furthermore, respondent knew his attorney had withdrawn and the record shows that a notice of the July 31, 1980, hearing was mailed to him on July 23, 1980. It is the duty of every litigant to follow the progress of his case. (*DeMet v. DeMet* (1979), 74 Ill. App. 3d 680, 681, 394 N.E.2d 3, 5.) We hold that the trial court did not abuse its discretion by proceeding with the *ex parte* hearing without additional notice to respondent.

■■ Finally, respondent contends the trial court abused its discretion by denying his post-trial motion. We disagree. In his post-trial motion, respondent asked the court to consider the fairness of the property settlement because the issue had been decided at an *ex parte* hearing. At the October 10, 1980, hearing, respondent chose to address only the issue of notice and not the fairness of the settlement. Where evidence could have been presented during the trial and there was ample opportunity to do so, it is not an abuse of discretion to deny a rehearing so that such evidence could be presented. (*In re Marriage of Potter* (1980), 88 Ill. App. 3d 606, 610, 410 N.E.2d 999, 1002.) We have decided above that the settlement was fair. Therefore, we hold that the trial court did not abuse its discretion by denying respondent's post-trial motion.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, J., concurs.

JUSTICE JIGANTI, dissenting:

Ronald Kopec failed to appear at his divorce prove-up hearing on July 31, 1980. The hearing was brief and was fairly held as were subsequent hearings in this matter. The court ordered that the marriage be dissolved and divided the property. The report of proceedings covers 18 pages. Before the judgment order was prepared by counsel for Barbara

Kopec, Ronald appeared through counsel and asked to have the matter heard on the merits.

The majority states, and I believe properly so, that the court should be guided by a standard of doing substantial justice for the parties. There are several factors that I think should be considered in determining what constitutes substantial justice. Vacating the order eventually entered would only modestly inconvenience the court and Barbara because the hearing was so brief. Barbara was the only witness. The respondent exhibited no disrespect for the court in failing to appear. Ronald was timely in bringing about his motion asking the court to vacate the proceedings of July 31, 1980. It was brought even before a judgment was entered.

Most significantly, particularly in the context of this case, the ultimate result must be considered. After a 5½-month marriage with apparently no particular equities on either side, Barbara will receive at least $10,000 that was the respondent's property at the time of the marriage. Section 503(c) of the Illinois Marriage and Dissolution of Marriage Act provides that marital property shall be divided without regard to marital misconduct in just proportions considering 10 factors. (Ill. Rev. Stat. 1979, ch. 40, par. 503(c).) Of particular significance are those factors that say that the court shall consider the contribution of each party to the acquisition of the property and the duration of the marriage. The trial court did not specifically consider the fairness of the property division after the initial prove-up hearing, but this court did and concluded the property distribution was fair. The only factor relied on in reaching that conclusion is that the $10,000 award was less than a half interest in the equity in the home. The apparent rationale is that marital property is required to be divided into equal proportions. That position, of course, is not sound. The requirement is that marital property be divided in just proportions. *In re Marriage of Atkinson* (1980), 82 Ill. App. 3d 617, 402 N.E.2d 831, *aff'd* (1981), 87 Ill. 2d 174, 429 N.E.2d 465.

In my estimation substantial justice will be accomplished by vacating the judgment order that was eventually entered and by having a hearing on the merits.