*In re* MARRIAGE OF LORENE BENEFIELD, Petitioner-Appellant, and LESTER BENEFIELD, Respondent-Appellee.

Fifth District    No. 5—83—0854

Opinion filed February 21, 1985.

KASSERMAN, J., dissenting.

William B. Ballard, Jr., of Anna, for appellant.

W. C. Spomer, of Cairo, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On August 15, 1983, the circuit court of Union County granted a petition for the dissolution of the marriage of Lorene Benefield and Lester Benefield. Lorene Benefield, petitioner, appeals from that portion of the decree distributing the parties' property. The petitioner challenges both the characterization and the division of the property, and requests that this court reverse the findings of the trial court.

Petitioner's first contention is that the trial court erred in finding that respondent had a four-sevenths nonmarital interest in the marital home, which consisted of a farm and acreage. The evidence indicated that the farm and acreage, upon which the respondent had lived his entire life, was originally owned by respondent's maternal grandmother and then by his mother and father. When respondent's father died intestate in 1918, leaving a wife and seven children (including the respondent), title vested as follows: respondent's mother acquired one-half outright and a life estate in the remaining one-half; the respondent and his six siblings inherited one-seventh of one-half or one-fourteenth, subject to their mother's life estate. The respondent acquired sole title to the entire farm in 1946 (he married petitioner in 1940) by a quitclaim deed from his mother, brothers and sisters. Respondent testified that he paid $500 each to his six brothers and sisters but that he received his mother's half-interest in the farm as a gift. In 1953 respondent conveyed the property through a strawman to himself and his wife as joint tenants, and the property remained in that form of ownership up to the time of the dissolution of the marriage. Although the computations are not set forth in the record or the judgment, the trial court apparently arrived at the four-sevenths figure by adding respondent's inheritance from his father in 1918 (one-fourteenth) with the gift from his mother in 1946 (seven-fourteenths) and concluded that eight-fourteenths or four-sevenths of the farm was nonmarital. In *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 529, 427 N.E.2d 1239, 1244, the Illinois Supreme Court stated that property may not have dual characteristics—that is, partly marital and partly nonmarital. Therefore, the trial court's dual classification of the 59-acre tract of farmland and the marital home as four-sevenths nonmarital and three-sevenths marital is erroneous. However, we find that the trial court could have reached the same result by characterizing the 59-acre tract as marital property in its en-

tirety and having done so, could have properly awarded the asset to the respondent. If the decision of the trial court is correct under the circumstances of the case, it will not be reversed on appeal for the reason that an incorrect means was used to arrive at the decision, and this is particularly true where reversal and retrial would only result in the same decision. (*In re Marriage of Voight* (1982), 111 Ill. App. 3d 623, 627, 444 N.E.2d 694, 697; *In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 344-45, 461 N.E.2d 447, 451-52.) From our review of the record and based on a consideration of the factors set out in section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 503(d)), we find nothing which would require reversal of the trial court's finding with respect to the marital home. The dual classification of the property was harmless, and reversal on this issue is not required.

▆▆▆ Petitioner's second contention of error is that the trial court abused its discretion in dividing the marital property between the parties. The judgment made the following division of the property of the parties. As noted above, the marital home (the farm) of the parties was awarded to the respondent as his sole property. The record contains two appraisals submitted by the parties regarding the value of the farm, one for $59,300 and one for $70,000. A nine-acre tract of land in Union County valued at $32,000, of which $6,000 was land, upon which the petitioner resided was found to be the nonmarital property of the petitioner. Petitioner had improved this land with a mobile home and carport by using $17,500 in marital funds which the court assigned to her. Real estate in Cape Girardeau, Missouri, valued at $8,250, was also set over to petitioner as her nonmarital property. A $17,000 certificate of deposit and $7,700 of savings bonds was found to be marital property and split equally between the parties. The petitioner's pension benefit was divided, with petitioner receiving a three-fourths interest and respondent being awarded a one-fourth interest. Petitioner was awarded her $500 checking account, a $200 savings account, her household furniture, and the automobile in her possession. Respondent was awarded his truck, small tools and the furniture in his possession. Maintenance was barred and each party was to pay his own attorney fees and debts incurred from the date of separation.

At the outset, we note that it is the task of the trial court to distribute marital property in an equitable manner, taking into account all relevant factors, and its decision in this regard will not be reversed absent an abuse of discretion. (*In re Marriage of Garde* (1983), 118 Ill. App. 3d 303, 309, 454 N.E.2d 1065, 1069, citing *In re Marriage of*

*Kopec* (1982), 106 Ill. App. 3d 1060, 1063-64, 436 N.E.2d 684, 687.) The law is clear that an equal distribution is not mandated (*In re Marriage of Hyland* (1981), 95 Ill. App. 3d 31, 34-35, 419 N.E.2d 662, 665; *In re Marriage of Miller* (1980), 84 Ill. App. 3d 931, 935, 405 N.E.2d 1099, 1103) and the distribution of marital property rests within the sound discretion of the trial court, the standard to be applied being whether the trial court, in exercise of that discretion, acted arbitrarily without the employment of conscientious judgment. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126, 129.) The Illinois Marriage and Dissolution of Marriage Act simply directs our courts to divide the property "in just proportions considering all relevant factors." (Ill. Rev. Stat. 1983, ch. 40, par. 503(d); *In re Marriage of Miller* (1983), 112 Ill. App. 3d 203, 208, 445 N.E.2d 811, 815.) Indeed, a court can properly award one spouse a greater share of the marital property where the relevant factors warrant such a result. (See *In re Marriage of Rossi* (1983), 113 Ill. App. 3d 55, 58, 446 N.E.2d 1198, 1200; *In re Marriage of Fryer* (1980), 88 Ill. App. 3d 454, 457, 410 N.E.2d 596, 598-99.) Contrary to petitioner's assertion, we find that the trial court complied with the requirements of par. 503(d) of the Illinois Marriage and Dissolution of Marriage Act and considered all the relevant factors in dividing the marital property. Testimony showed that the petitioner was 61 years old, employed and earning slightly under $25,000 per year. Respondent was 68 years old and was not working, having been disabled and unable to work since 1968. Respondent's only income was a $446 monthly social security benefit. No evidence is in the record indicating that petitioner was not in good health. There was ample evidence in the record for the trial court to make its determination and for this court to analyze that determination. Based upon our examination of the record, we find the results reached by the trial court to be reasonable and consistent with the evidence and, accordingly, we affirm the judgment of the circuit court of Union County.

Affirmed.

HARRISON, J., concurring.

JUSTICE KASSERMAN, dissenting:

I am unable to agree with the majority in this case; therefore, I respectfully dissent.

The majority apparently recognizes that, under section 503(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat.

1983, ch. 40, par. 503(b)), the transfer of nonmarital property into some form of co-ownership during the marriage raises a presumption of a gift to the marriage. I find respondent's testimony concerning the circumstances under which he made the transfer to himself and his wife as joint tenants insufficient to rebut the presumption of gift. Respondent stated that he made the transfer to avoid a dispute between his wife and children in the event of his death. This would result only if respondent did, in fact, effect an *inter vivos* gift of the property so as to create the joint tenancy; and I am unable to comprehend how it would have been possible for respondent to have made a conveyance of the real estate in question which would qualify as a gift for inheritance purposes but which would not otherwise qualify as a present gift. Therefore, it is my conclusion that the trial court did, in fact, err in classifying four-sevenths of such real estate as the nonmarital property of respondent.

Furthermore, the majority describes as harmless any error the trial court may have committed in classifying four-sevenths of the real estate in question as the nonmarital property of respondent. The majority concedes that the court erred in the dual classification of such property as four-sevenths nonmarital and three-sevenths marital; however, that error is also deemed to be harmless.

In this regard, I find it to be an unwarranted conclusion for this court to assume that the trial court would make the same division of the marital property if it were faced with the necessity of justifying the award of the remaining four-sevenths of the real estate in question to respondent. Put in another way, if the court's division of the marital property was equitable when made on the erroneous assumption that only three-sevenths of such real estate was being divided, how could it remain equitable when a proper determination of this controversy would require the addition of more than 33.5 acres and four-sevenths of a home to the marital estate?

For the foregoing reasons, I would reverse the trial court's determination regarding the division of the parties' property and remand the cause with directions for the court to conduct a new hearing regarding the division of the marital property.