*In re* MARRIAGE OF THOMAS W. MEYER, Petitioner and Counterrespondent-Appellee and Cross-Appellant, and BARBARA A. MEYER, Respondent and Counterpetitioner-Appellant and Cross-Appellee.

Fifth District   No. 5—85—0101

Opinion filed February 19, 1986.

KASSERMAN, P.J., dissenting.

John R. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellant.

Pessin, Baird & Wells, of Belleville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

The marriage of Thomas W. Meyer and Barbara A. Meyer was dissolved by judgment entered in the circuit court of St. Clair County on December 26, 1984. Barbara has appealed; Thomas has cross-appealed. Barbara disputes the classification and distribution of marital and nonmarital property and the failure to award her attorney fees. Thomas assigns as error the award of maintenance and child support. The matter of maintenance has been mooted by the remarriage of the wife.

One would suppose that the advent of the Illinois Marriage and Dissolution of Marriage Act in 1977 (Ill. Rev. Stat. 1983, ch. 40, par. 101 *et seq.*), a version of the Uniform Marriage and Divorce Act (see 9A Uniform Laws Annotated), would have simplified and lent some degree of finality in the trial court to these disputes and that the litigants, although not fully satisfied, would accept, albeit reluctantly, the decision of the trial court. (*In re Marriage of Ligas* (1982), 110 Ill.

App. 3d 1, 6, 441 N.E.2d 1277, 1281; *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 1133, 398 N.E.2d 126, 129, 133.) This has not proved to be true, and in this cause the general observation made above may be inapplicable, as we feel compelled to reverse.

This case involves no novel application of the Act with any precedential value, simply the exercise of the trial court's discretion in applying the Act to disputed facts.

The parties were married in 1960. Two children are issue of the marriage, one of whom, Dustin, born June 27, 1972, whose custody was awarded to the mother, is a minor.

Barbara, age 42, is a high school graduate, has 20 hours credit at Belleville Area College and has in the past performed stenographic work. Thomas is a journeyman electrician employed as an estimator for an electrical contracting firm. His gross earnings in 1982 were approximately $34,000. His net monthly earnings at time of hearing were $1,921. He has accumulated various tools associated with his trade and hobbies of woodworking and metalworking. His other interests are photography, taxidermy, hunting and fishing.

Barbara's nonmarital property consists of a duplex and furniture valued at approximately $55,000, unvalued personal effects and jewelry, and $38,500 cash inherited from her mother. Thomas' nonmarital property was valued at $2,000 and consists of a 1933 automobile without the engine, which the court classified as marital property and inexplicably required to be sold, and a paid-up life insurance policy valued at $1,237.

The marital property consisted of a home purchased in 1965, presently in need of repair, which was valued at $62,000 and awarded to the husband. The husband was also awarded motorcycles, guns and reloading equipment, a 1977 station wagon and other items of personal property valued at approximately $14,000 for a total award of $75,265.

The wife was awarded marital property consisting of numerous tools, a parrot and cockatoo, cameras and related equipment, model airplanes, a motor home, $12,000 cash and other items which need not be noted of a total value, as determined by the trial court, of $67,606.

The custody of Dustin was awarded to Barbara, and Thomas was required to pay $550 monthly for child support and $275 monthly for maintenance. Barbara's request for attorney fees was denied.

Two $10,000 certificates of deposit purchased with husband's earnings were issued by the Midwest Savings and Loan Association. These were found to be marital property, and each party was awarded

one certificate. Barbara has raised some question concerning these certificates, as the trial court's judgment described these as being issued by Frontier Savings and Loan. It is apparent, and husband concedes, that this is an error. The dispositional order is to be corrected accordingly.

The court awarded to Barbara as her share of the marital property most of the numerous items of personal property used by Thomas in his business and hobbies. Of the items awarded to the wife the principal dispute concerns the tools, consisting of several thousand items. The husband's evidence valued the tools at $3,000 to $4,000. The wife and witnesses testifying on her behalf valued these tools, many of which she later claimed were missing, an allegation denied by husband, at a much higher figure. Undoubtedly she assumed that these items, tools used by the husband in his trade and hobbies, would be awarded to the husband in the distribution of marital property. The court accepted the wife's evidence of value, assigned a value of $22,500 to these tools and awarded them to her in the distribution of marital property. The wife was also awarded photographic equipment valued by the court at $7,800, $10,000 according to her valuation, which the husband testified was worth $500 to $1,500.

■ While the award of the tools, camera equipment and other items used by the husband in his business and hobbies at values established by the wife's testimony was an ingenious and simple way of apportioning marital property in relatively equal shares, once the decision was made to award the marital home to the husband, we believe it was an abuse of discretion to award the wife as her share of the marital property, tools which were only useful to the husband. We realize that it is the proper function of the trial court to distribute marital property equitably and that its decision will not be disturbed absent an abuse of discretion. We are also mindful that a just division need not be an equal division and that the trial court undoubtedly considered the substantial amount of nonmarital property set apart to the wife. (*In re Marriage of Benefield* (1985), 131 Ill. App. 3d 648, 476 N.E.2d 7.) In the instant case, however, we can find no reasonable basis for the award to the wife of tools only useful to the husband. The same can be said for the award of cameras, scuba gear, hunting and fishing equipment, all items used by the husband in his hobbies.

Barbara insists that many of the items of personal property awarded to her are missing or nonexistent. She suggests that Thomas removed many items from the marital home; this is disputed by Thomas. The wife was in possession of the marital home since the parties separated. In any event, the judgment of dissolution requires

that these items, as inventoried and found to be in existence, should be delivered to the wife in the condition that the property was in existence at the commencement of the action. Inasmuch as these items have been valued in the judgment of dissolution, should they not be accounted for, appropriate post-trial remedies would be available to insure that the judgment of the trial court be enforced. The trial court gave careful considerations to the claim of missing items of personal property and whether many items of alleged personal property were ever in existence. The testimony and exhibits bearing on this are voluminous. We cannot say that the trial court's determination of these matters was against the manifest weight of the evidence; however, as we have determined that this cause must be remanded for a new division and distribution of marital property, the question of the existence of all items of marital personal property and their value can be reconsidered should the court choose to do so. We do not suggest that all these items need be awarded to Thomas.

Certain other matters assigned as error will only be mentioned briefly, as in its reconsideration of the distribution of marital property the trial court may make any other disposition consistent with the requirements of section 503 of the Act. Ill. Rev. Stat. 1983, ch. 40, par. 503.

■ While the wife argues that it was error to award the marital home to the husband, the wife had recently inherited a duplex from her mother's estate. The court found that the wife had the property available for use as her home with the ability to rent the other half of the duplex. Furthermore, there was evidence that the duplex was in good repair, while the marital home needed substantial repairs which the husband was able to perform. Under these circumstances, it was not an abuse of discretion to award the marital home to the noncustodial parent. *In re Marriage of Brenner* (1981), 95 Ill. App. 3d 100, 419 N.E.2d 400.

The wife also complains about the award to her as marital property of a parrot, cockatoo and cages, scientific equipment and an "archeological" collection. She argues that these items were not marital property but belonged to the parties' children; however, the evidence concerning the ownership of these items was disputed. We cannot say that the trial court's decision was contrary to the manifest weight of the evidence.

■ Lastly, the trial court's decision requiring each party to pay his or her attorney fees was clearly correct and not an abuse of discretion. The wife clearly had the financial ability to pay her own attorney fees. (*In re Marriage of Miller* (1980), 84 Ill. App. 3d 931, 405

N.E.2d 1099.) There is no rule that places the burden of the wife's attorney fees on the husband or raises a presumption that the wife is financially unable to pay her retained attorney (*In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 411 N.E.2d 947), as attorney fees are the primary responsibility of the party for whom the services are rendered. *In re Marriage of Sanborn* (1979), 78 Ill. App. 3d 146, 396 N.E.2d 1192.

■ In his cross-appeal, the husband contests the amount awarded as child support. At the time the judgment of dissolution was entered, section 505 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 505) provided that the minimum amount of support for one child should be 20% of the net income of the parents owing a duty of support. This amount was suggested as a guideline to the court in fixing support. Certain revisions were made in section 505 by Public Act 84—979, effective September 25, 1985. The percentage guideline remains the same; however, the possible deductions from gross income to determine net income have been enlarged.

The amount fixed by the trial court, $550 monthly to a 13-year-old, greatly exceeds the statutory guidelines. The judgment of dissolution does not suggest any reason for this substantial departure from the guidelines, which the court in *In re Marriage of Hilkovitch* (1984), 124 Ill. App. 3d 401, 464 N.E.2d 795, considered in the nature of a mandate to the trial court. We realize that the minimum may be exceeded, but some reason for so substantial a departure should appear in the record. Furthermore, the award ignored the ability of the non-custodial parent to contribute to the support of the minor child, and it should be noted that the wife had inherited a substantial amount of cash from her mother's estate, was only 42 years of age, in good health and had earned 20 hours of college credit. It would be anticipated that she could become able to contribute to the support of the minor child.

On this record, we find the award of $550 monthly to be an abuse of discretion. On remand, the court shall redetermine an appropriate amount of child support as required by amended section 505 of the Act.

The judgment of the circuit court of St. Clair county is reversed and the cause is remanded for redetermination and distribution of marital property and redetermination of child support.

Reversed and remanded with directions.

JONES, J., concurs.

PRESIDING JUSTICE KASSERMAN, dissenting:

I am unable to agree with the conclusion of the majority that the trial court erred in placing a value of $22,500 on certain tools and a value of $7,800 on certain personal items, including photographic equipment, and awarding the same to the wife as a portion of her share of the marital property of the parties; therefore, I respectfully dissent from the decision of the majority in reversing the trial court's order making such awards.

The court assigned a value of $22,500 to said tools based on the testimony of the wife and other witnesses. The wife also testified that certain other specific property, including the photographic equipment, was valued at $10,000. The court placed an evaluation of $7,800 on such property. The sole basis for the determination that the court erred in awarding such property to the wife was that the tools, cameras, scuba gear, and hunting and fishing equipment were either used by the husband in his hobbies or were useful only to the husband.

It is my opinion that such a decision results in a misapplication of the settled principle of law that the value of the property is its market value, which has been defined as "the price which a willing purchaser will pay to a willing seller in a voluntary transaction." (*Cf. In re Marriage of Melnick* (1984), 127 Ill. App. 3d 102, 108, 468 N.E.2d 490, 495; *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 635, 397 N.E.2d 488, 494.) The majority bases its decision to reverse the trial court's award of these items of personal property to the wife on the determination that they would be more useful to the husband than to the wife. The majority's determination improperly injects the element of usefulness into the elements to be considered by the court in dividing marital property and ignores the fact that the wife would not be required to retain property which this court has determined is useless to her but is wholly free to sell such property at the price at which she and her witnesses evaluated it in their sworn testimony. The wife and her witnesses testified that such items of property had a fair cash market value in excess of or equal to the valuation placed on such items by the circuit court.

For these reasons, I would affirm the decision of the trial court in placing a value on the tools, cameras, scuba gear, and hunting and fishing equipment of the parties and in awarding such items to the wife as a portion of her share of the marital property.