In re MARRIAGE OF BARBARA T. SERNA, Petitioner-Appellee, and RICHARD W. SERNA, Respondent-Appellant.

Fourth District   No. 4—88—0044

Opinion filed August 4, 1988.

Donald W. Wilcox, Jr., of Thomson & Weintraub, of Bloomington, for appellant.

Ronda D. Taylor Glenn, of Jennings, Novick, Eggan & Ostling, P.C., of Bloomington, for appellee.

JUSTICE LUND delivered the opinion of the court:

Petitioner Barbara Serna and respondent Richard Serna were married on August 14, 1982, in Logan, Utah. A judgment of dissolution was entered on December 21, 1987, by the circuit court of McLean County. The parties had stipulated to all matters pertaining to the dissolution except the amount of child support. In the judgment, the circuit court approved the stipulation and ordered respondent to pay child support in the amount of $400 per month. Respondent appeals the order, and his only contention is that the trial court abused its discretion in setting the figure for child support. We affirm.

Petitioner and respondent have one child from their marriage, a daughter, Wray, born December 24, 1983. She is in good health. The parties agreed that petitioner should have physical custody of Wray, subject to respondent's right of reasonable visitation.

Petitioner is a school teacher in the Bloomington public school system. Her monthly gross income is $1,942.50, or approximately

$23,310 per annum. Taking into consideration deductions for Federal tax, State tax, FICA, union dues, and the Teachers Retirement System, petitioner's net monthly pay is $1,549.36. Her major expenses include mortgage payments on the former marital residence of $568 per month, car payments of $253, and food expenses of $275 per month. In addition, day-care expenses for Wray are $220 per month. She currently has a male resident living with her and Wray. She testified that he pays his own expenses from the earnings of a part-time job.

As a teacher, petitioner works full time nine months a year and has three months vacation. However, she stated that for the next two summers she will be attending school full time in order to obtain the credentials for an administrative position. She hopes to find the administrative job as soon as she can. Thus, in effect, her years of long summer vacations might be at an end.

Respondent is an assistant professor at Illinois Wesleyan University. Respondent earns a monthly gross income of $1,941.66, or approximately $23,299 per annum. His net monthly income is $1,470.12. Respondent's major expenses are for rent, which is $400 per month, and for food, which respondent lists as $300 per month. He was awarded the 1973 Volkswagen Beetle in the property settlement. Respondent hopes to trade this in for a newer car in the near future. In addition, respondent has been paying $291 in child support payments pursuant to a temporary order. This amount is approximately equal to 20% of respondent's net income.

Both parties currently have no other income than their teaching salaries. Yet, both parties have plans to fill their summer months. Petitioner will be in school, and respondent plans to engage in research. During the summer of 1987, respondent was in Utah finishing his doctoral degree requirements. Petitioner testified she needed time for herself. Also, the parties believed that Wray would adjust to day care as a regular part of her life if she remained in day care during the summer. Petitioner and respondent jointly agreed to keep Wray in day care for the summer.

At the hearing, petitioner requested an amount for child support that was above the percentage amount set by the guidelines contained in section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 505). In her testimony, petitioner requested the statutory percentage plus one-half of the day-care costs. Respondent argued he should be required to pay only the amount prescribed by the statutory guidelines. The court noted how evenly matched the incomes of the parties were and set

child support at $400 per month. This figure corresponds to petitioner's request of the statutory percentage amount plus one-half of the day-care costs.

■■ ■ In determining child support, the courts are directed to the statutory guidelines set forth in the Act. Section 505(a) of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 505(a)) states, in relevant part:

"(1) The Court shall determine the minimum amount of support by using the following guidelines:

| Number of Children | Percent of Supporting Party's Net Income |
|---|---|
| 1 | 20% |

* * *

(2) The above guidelines shall be applied in each case unless the court, after considering evidence presented on all relevant factors, finds a reason for deviating from the guidelines. ***

* * *

*** The guidelines may be exceeded by the court without express findings, or by agreement of the parties."

Strictly following the guidelines, respondent should pay 20% of his net income, or approximately $290. However, the statute allows the court to set an amount in excess of the guidelines. The amount of the award of child support is within the discretion of the trial court, and the award will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Rink* (1985), 136 Ill. App. 3d 252, 258, 483 N.E.2d 316, 321.

■ In essence, we are asked to decide whether the trial court abused its discretion in dividing the day-care costs of $220 evenly between the parties. Respondent argues the day-care costs should be considered as part of the figure computed according to the guidelines. Petitioner responds that the division of day-care expenses was a decision within the discretion of the trial court. Illinois has no case which directly addresses this question. Both parties cite cases from other jurisdictions but, in fact, none of these cases appear to be on point. We hold that the trial court did not abuse its discretion in dividing the day-care costs for Wray evenly between petitioner and respondent. It is unusual to find two parties to a dissolution who are so evenly matched in terms of income. It is clear that the child-care expense is necessary as both parties work full-time in the teaching profession. During the summer of 1987, the parties jointly agreed to continue with day care for Wray. It was not unreasonable to divide the day-care expense between petitioner and respondent.

For the above reasons, the order of the circuit court of McLean County is affirmed.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.