# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*In re Marriage of Carlson-Urbanczyk*, 2013 IL App (3d) 120731

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF DAWN CARLSON-URBANCZYK, Petitioner-Appellant, and TOMASZ URBANCZYK, Respondent-Appellee. |
| District & No. | Third District<br>Docket No. 3-12-0731 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | May 20, 2013<br><br>June 26, 2013<br>June 26, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court did not abuse its discretion in reconsidering its child support order and finally ordering respondent to pay 20% of his three children's daycare and extracurricular expenses in addition to his statutory child support, resulting in a total 40% of his net income going to child support, especially when respondent's failure to appeal that decision indicated that he accepted the additional responsibility. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-D-28; the Hon. Robert Baron, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal      Edward R. Jaquays, Martin Rudman, and Mark Ellis, all of Law Offices of Edward R. Jaquays, of Joliet, for appellant.

Mikal J. Stole, of Reich, Jumbeck & Associates, LLP, of Joliet, for appellee.

Panel      JUSTICE WRIGHT delivered the judgment of the court, with opinion. Justices Carter and McDade concurred in the judgment and opinion.

## OPINION

¶ 1      The court entered an agreed judgment for dissolution of marriage on November 11, 2011, which granted mother sole custody of the parties' three minor children and ordered father to pay child support in the statutory amount of 32% of his net income. The parties agreed the court should reserve determining whether the children's daycare and extracurricular expenses should also be shared by father above the statutory amount of agreed child support.

¶ 2      Eventually, the court ordered father to pay 40% of daycare and extracurricular expenses in addition to the agreed child support calculated at the statutory amount of 32% of father's net income. However, the court later reconsidered and reduced that amount to 20% of the additional daycare and extracurricular expenses. Mother appeals this reduction. We affirm the judgment of the circuit court.

¶ 3      BACKGROUND

¶ 4      Petitioner-appellant Dawn Carlson-Urbanczyk (mother) and respondent-appellee Tomasz Urbanczyk (father) filed separate petitions for dissolution of marriage in Will County case numbers 10-D-032 and 10-D-028, respectively, after 11 years of marriage. Due to the consolidation of both cases, the judgment of dissolution was entered in case No. 10-D-032, on November 9, 2011. At the time of the judgment of dissolution, mother was 32 years old and employed full-time at the Nalco Company, father was 38 years old and employed full-time with K-Five Construction Company, and the couple had three young children.

¶ 5      The judgment included a marital settlement agreement which awarded sole custody of the three minor children to mother and required father to pay child support in the amount of $1,280 monthly, calculated at 32% of his net income. At the time of the judgment of dissolution, the parties agreed the court should reserve ruling on whether father should also make contributions toward the payment of daycare and extracurricular expenses for the children until sometime after April 1, 2012, to allow father some time to improve his financial situation.

¶ 6         On April 19, 2012, mother filed a "Motion to Set Daycare and Extracurricular Contribution." The court held a hearing on this motion on May 23, 2012, and received copies of 2011 tax returns and income/expense affidavits, both dated May 23, 2012, from each of the parties at that time. Mother's affidavit documented her total gross income for 2011 was $76,487. According to mother's affidavit, excluding child support and net income received for rental properties, her net monthly income for May, 2012, was $4,392.[1] Mother's affidavit listed the monthly daycare expenses for the parties' children to be $1,573 and monthly expenses for the children's extra activities to be $281, for a monthly total of $1,854.

¶ 7         Father's financial affidavit reflected his annual gross income for 2011 was $59,791 and net monthly income, after paying a monthly child support payment of $1,185, was $2,465.[2] Father's affidavit showed that he paid $180 per month for the children's activities during visits in addition to his own monthly expenses. He also reported he filed for bankruptcy after the entry of the judgment of dissolution.

¶ 8         At the close of this hearing, the court found that neither party disputed that the children's extracurricular activities were appropriate and ordered father to pay 40% of the children's daycare and extracurricular expenses without making additional findings. On June 21, 2012, father filed a "Motion to Reconsider and/or Reopen Proofs," claiming the court failed to consider father's ability to pay and improperly ordered him to pay 40% of the daycare and extracurricular expenses and deviated above the general statutory guidelines for support by so doing. In her response, mother claimed father could reduce his expenses by $350 each month by selling his motorcycle and cancelling his gym membership.

¶ 9         During the hearing on the motion to reconsider, held on July 31, 2012, father submitted an exhibit showing his monthly net income, including deductions for child support, to be $2,665. This exhibit documented, if father paid the additional 40% of daycare ($ 681.72), his monthly net income would be $1,983. This same exhibit calculated mother's monthly net income, including child support, to be $7,979, and her monthly net income would be increased to $8,660, if father paid the additional 40% of daycare expenses.

¶ 10        Before ruling, the court observed mother's income affidavit did not include calculations showing receipt of the statutory child support payments she received from father, or her reimbursements for mileage and other expenses from her employer. Consequently, after considering the respective amounts of monthly income for both father and mother, the judge reconsidered his previous ruling and reduced father's additional payment of daycare and extracurricular expenses to 20%, retroactive to April 1, 2012. Accordingly, the court entered a written order on July 31, 2012, ordering that father pay the 20% contribution to combined

---

[1]Mother's affidavit also showed "other income" from commission payments averaging $1,766 monthly and a monthly car allowance from her employer in the amount of $540, for a total monthly net income of $6,698, "not including rents received for rental properties" or the child support payment she received from father in the amount of $1,185.

[2]Father's affidavit showed his rental property provided "other income" that averaged $199 monthly and, although ordered to pay $1,280 for child support in the court order, father's affidavit stated he was making monthly payments of $1,185.

daycare and extracurricular expenses.

¶ 11    Mother filed a timely notice of appeal challenging this ruling.

¶ 12                                                    ANALYSIS

¶ 13    On appeal, mother challenges the trial court's decision setting father's contribution toward the payment of the children's daycare and extracurricular costs at the rate of 20% of the total charges. Father contends that the trial court did not abuse its discretion by reconsidering and reducing its previous decision to pay 40% of these expenses.

¶ 14    The amount of the award of child support is within the discretion of the trial court, and the award will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Serna*, 172 Ill. App. 3d 1051, 1054 (1988). It is well established that "[s]ection 505 of the Act creates a rebuttable presumption the specified percentage of a noncustodial parent's income represents an appropriate child support award." *In re Marriage of Demattia*, 302 Ill. App. 3d 390, 393 (1999) (citing *In re Marriage of Charles*, 284 Ill. App. 3d 339, 346-47 (1996)). In this case, the judgment of dissolution set the child support by agreement and in the amount specified by statute for three children, specifically 32% of father's net income.

¶ 15    The *Serna* court held, in addition to the statutory child support amount under section 505 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, ¶ 505 (now 750 ILCS 5/505 (West 2010))), the trial court has discretion to also order the noncustodial parent to pay half of the daycare expenses and other reasonable expenses. *Serna*, 172 Ill. App. 3d at 1054. However, we conclude any amount above the agreed 32% of father's net income, or $1,280 per month, represents an upward deviation from the statutory amount that must be supported by the record. *See Demattia*, 302 Ill. App. 3d at 394 (citing *In re Marriage of Meyer,* 140 Ill. App. 3d 1031, 1036 (1986)).

¶ 16    In this case, mother reported the cost for daycare and the extracurricular activities of the children totaled $1,854 per month. We note this amount actually exceeded the full amount of child support being paid by father ($1,185).

¶ 17    Based on the costs estimated by mother, 40% of $1,854 would be approximately $742 and a 20% share of those extra expenses would be approximately $371. After adding the 40% amount to father's child support obligation, he would be paying $1,927 monthly or 50% of his net income. After the court reduced this amount to 20%, father is now paying $1,556 per month, or approximately 40% of his entire net income.

¶ 18    We note that father has not appealed the court's decision to require him to pay 20% of the added expenses, equaling 40% of his net income, suggesting to this court he is willing to accept this additional financial responsibility as a parent. However, the court's earlier decision that required father to pay 40% of the daycare and extracurricular expenses, specifically $742 each month in addition to child support, would have reduced his net income by 50%, leaving father with approximately $1,923 of remaining net monthly income to pay his own expenses estimated to be $4,500.

¶ 19    Based on the re2cord, we agree father did not have the ability to pay 40% of daycare and additional extracurricular expenses. Therefore, we commend the court for reconsidering and

then correcting its own error. We conclude the trial court did not abuse its discretion in this case.

¶ 20                                    CONCLUSION
¶ 21         For the foregoing reasons, the decision of the circuit court is affirmed.

¶ 22         Affirmed.