# Illinois Official Reports

## Appellate Court

---

### *In re Aaliyah L.H.*, 2013 IL App (2d) 120414

---

| | |
|---|---|
| Appellate Court Caption | *In re* AALIYAH L.H., a Minor (Lacisha H., Petitioner-Appellee, v. Shangwé P., Respondent-Appellant). |
| District & No. | Second District<br>Docket No. 2-12-0414 |
| Filed | November 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from an order relating to respondent's child support and daycare expenses for his daughter, the portion of the order requiring him to pay half of the daycare expenses in addition to child support was upheld, especially in view of that fact that his monthly net income was $3,219 and respondent's net income was $720, but the trial court did err in failing to deduct respondent's health insurance premiums for his group plan covering him, his child born to petitioner, and a child born to another woman, since the cost of the plan was the same even though it covered both children, and the statute does not limit the deduction allowed to situations where the cost is increased for additional children. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-F-349; the Hon. Linda E. Davenport, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; child support modified. |

| | |
|---|---|
| Counsel on Appeal | Keoini Haynes Wells, of Law Offices of Keoini Haynes Wells, of Evanston, for appellant. |
| | Daniel J. Walker, Jr., of Cesario & Walker, of Hinsdale, for appellee. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Zenoff and Schostok concurred in the judgment and opinion. |

## OPINION

¶ 1    Respondent, Shangwé P., appeals from the trial court's order related to child support and daycare expenses for his daughter with petitioner, Lacisha H. On appeal, Shangwé argues that the trial court erred by: (1) failing to deduct health insurance premiums in calculating his net income; and (2) ordering him to pay half of the total daycare expenses. We affirm in part and reverse in part, and we modify the amount of child support from $739 per month to $642 per month.

¶ 2                    I. BACKGROUND

¶ 3    The following facts are taken from the record and are not in dispute. Shangwé and Lacisha are the father and mother of a daughter, Aaliyah, born January 20, 2010. Pursuant to an agreed order entered on November 7, 2011, the parties share joint custody of their daughter, with Lacisha being the primary residential parent. A temporary order of support was entered at that time, with the issue of permanent support reserved. The trial court also ordered Shangwé to add Aaliyah to his health insurance obtained through his employer. Shangwé complied. The issue of daycare expenses was reserved. On March 12, 2012, a bench trial was held on the remaining issues.

¶ 4    Shangwé has another daughter, Amira, age 12, by a woman other than Lacisha. Shangwé was ordered to pay child support for Amira by the circuit court of Cook County. When calculating child support, the Cook County court deducted from his gross income all health insurance premiums. Under Shangwé's family plan, the premiums were the same whether there was one child or two children on the plan. Thus, the premiums did not increase when Shangwé added Aaliyah to his plan. The premiums for Shangwé, Amira, and Aaliyah were $485 per month.

¶ 5        Shangwé's annual gross income was $74,000. Regarding the parties' expenses for daycare for their daughter during their respective parenting times, Lacisha spent approximately $133 per week and Shangwé spent approximately $30 per week.

¶ 6        At the time of trial, Lacisha worked part-time, earning approximately $200 per week; $180 net. In addition, Lacisha was an intern and a full-time student who planned on graduating in the summer.

¶ 7        During argument, counsel for Lacisha argued that Shangwé should not "receive credit for the medical insurance premiums since he's already gotten that deduction the first time through with his other child. *** [I]t adds nothing to his expenses to add to Aaliyah as an insured under that policy." Counsel for Shangwé argued that nothing in the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/101 *et seq.* (West 2012)) supported the argument set forth by counsel for Lacisha regarding the deduction for health insurance premiums.

¶ 8        On March 12, 2012, after hearing testimony and argument, the trial court ordered that "Shangwé may not deduct the health [i]nsurance premiums paid as he obtained a deduction for same of $485/mo. in [the Cook County case]." The trial court stated, "[t]he problem is [Shangwé] already testified [that health insurance premiums were] taken out when they set child support [for Amira]. So, I have to assume that was correct. *** So, I can't do it twice." The trial court found that Shangwé's net monthly income was $3,695 and ordered that "Child Support is 20% or $739 per mo." The trial court also ordered each "party to pay one-half of all day care expenses." Shangwé filed his notice of appeal on April 11, 2012.

¶ 9                                    II. ANALYSIS

¶ 10       On appeal, Shangwé argues that the trial court erred by failing to deduct health insurance premiums in calculating his net income pursuant to section 505(a)(3)(f) of the Act. 750 ILCS 5/505(a)(3)(f) (West 2012). Lacisha argues that the trial court properly refused to deduct health insurance premiums, because Shangwé incurred no cost by adding the parties' daughter to the plan.

¶ 11       Section 505(a)(1) of the Act provides that the minimum amount of child support for two children is 20% of the supporting party's net income. 750 ILCS 5/505(a)(1) (West 2012). Section 505(a)(3) of the Act defines "net income" as income from all sources, minus certain deductions, including, *inter alia*, dependent health insurance premiums (750 ILCS 5/505(a)(3)(f) (West 2012)). The amount of child support is within the discretion of the trial court, and the award will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Carlson-Urbanczyk*, 2013 IL App (3d) 120731, ¶ 14. However, we review *de novo* a question of law concerning the interpretation of a statute. *In re Marriage of Petersen*, 2011 IL 110984, ¶ 9.

¶ 12       The primary objective in construing a statute is to give effect to the legislature's intent. *Id*. ¶ 15. The best indication of legislative intent is the language of the statute, given its plain and ordinary meaning. *Id*. Where the language is clear and unambiguous, courts must apply the statute without resort to further aids of statutory construction. *Id*.

¶ 13       Section 505(a)(3)(f) of the Act provides:

> " 'Net income' is defined as the total of all income from all sources, minus the following deductions:

> \* \* \*

> (f) Dependent and individual health/hospitalization insurance premiums and premiums for life insurance ordered by the court to reasonably secure payment of ordered child support[.]" 750 ILCS 5/505(a)(3)(f) (West 2012).

¶ 14    Section 505(a)(3)(f) is clear on its face. It allows for the deduction of health insurance premiums for dependents, without limitation. See *In re Marriage of Stone*, 191 Ill. App. 3d 172, 175 (1989). It does not indicate that the deduction can be taken only if the premium increases for adding the child at issue to the plan.

¶ 15    Our interpretation is consistent with *Stone*, where the supporting parent paid health insurance premiums benefitting his current wife, his other children, and the subject child. *Id*. at 174-75. The trial court gave the supporting parent a deduction for only half the amount he paid for premiums, reasoning that only half the amount paid benefitted the child at issue. *Id*. at 175. The appellate court held that the supporting parent was entitled to deduct "all 'health/hospitalization insurance premiums.' " *Id*. The court reasoned, "Section 505(a)(3)(f) is clear on its face and does not indicate that only the child's share of the insurance premiums should be deducted." *Id*.

¶ 16    Similarly, in this case, Shangwé is entitled to deduct the health insurance premiums he pays even though there is no additional cost for adding Aaliyah to his plan, which covers himself and his dependents. Accordingly, the trial court erred by failing to deduct Shangwé's $485 monthly health insurance premiums to determine his monthly net income. Thus, the trial court's finding that Shangwé's monthly net income was $3,695 was erroneous.

¶ 17    Lacisha cites *In re Marriage of Florence*, 260 Ill. App. 3d 116 (1994), for the proposition that dependent health insurance premiums are not to be deducted from gross income unless the supporting parent is "paying the cost to cover his child." In *Florence*, the supporting spouse presented no evidence at trial to support his claim that he paid dependent and individual health insurance. *Id*. at 123. In this case, Shangwé presented his pay stubs and W-2s showing the amount paid for health insurance. Thus, *Florence* is distinguishable from this case.

¶ 18    In addition, Lacisha cites section 505(a)(4) of the Act (750 ILCS 5/505(a)(4) (West 2012)) for the proposition that the legislature intended that the supporting parent is allowed the deduction for health insurance premiums only if there is a cost associated with covering the child at issue. Section 505(a)(4) provides:

> "In cases where the court order provides for health/hospitalization insurance coverage pursuant to Section 505.2 of this Act, the premiums for that insurance, or that portion of the premiums for which the supporting party is responsible in the case of insurance provided through an employer's health insurance plan where the employer pays a portion of the premiums, shall be subtracted from net income in determining the minimum amount of support to be ordered." *Id.*

Nothing in this section limits the deduction that section 505(a)(3)(f) allows for health insurance premiums for all dependents. See *Stone*, 191 Ill. App. 3d at 175. Thus, Lacisha's argument regarding section 505(a)(4) has no merit.

¶ 19 Next, Shangwé argues that the trial court erred by ordering him to pay half of the total daycare expenses, in addition to child support. Shangwé argues that the child support adequately meets Aaliyah's needs and that he lacks the ability to pay the additional amount. Absent an abuse of discretion, we will not disturb a trial court's decision to order a supporting parent to make a contribution toward daycare in addition to paying child support in the amount set forth by the statutory guidelines. *In re Marriage of Serna*, 172 Ill. App. 3d 1051, 1054 (1988).

¶ 20 Shangwé notes that his basic living expenses are $2,324 per month and that, due to the trial court's order, he has a personal budget deficit each month of $739. However, at the time of trial, Shangwé's monthly net income was $3,210 and Lacisha's was approximately $720. Further, Shangwé paid $376 per month for service on his debt, and $390 per month in deductions taken from his check were voluntary. Each party lived with family members and did not pay rent. Lacisha paid approximately $532 per month for daycare and Shangwé paid approximately $120 per month. In light of this record, we cannot say that the trial court abused its discretion by ordering Shangwé to pay half of the total daycare expenses.[1]

¶ 21 Shangwé argues that the trial court abused its discretion because it failed to consider the statutory factors that a trial court may consider when deviating from the statutory guidelines. See 750 ILCS 5/505(a)(2) (West 2012). However, Shangwé raises this issue for the first time on appeal. Nothing in the record indicates that Shangwé argued that having to pay half the total cost of daycare would be a deviation from the statutory guidelines or that the trial court should consider the factors set forth in section 505(a)(2). Thus, Shangwé has forfeited this issue on appeal by failing to raise it before the trial court. *Einstein v. Nijim*, 358 Ill. App. 3d 263, 275 (2005) (an issue regarding daycare expenses was forfeited on appeal because the appellant failed to raise the issue before the trial court).

¶ 22 Shangwé cites *Serna*, 172 Ill. App. 3d 1051, for the proposition that "the circuit court has discretion to require an obligor to make a contribution to daycare in addition to regular child support after considering all relevant factors [pursuant to section 505(a)(2)]." Even if Shangwé had not forfeited his argument regarding section 505(a)(2), *Serna* does not stand for this proposition. In *Serna*, the supporting parent argued on appeal that "the day-care costs should be considered as part of the figure computed according to the guidelines." *Id*. at 1054. The nonsupporting parent argued that "the division of day-care expenses was a decision within the discretion of the trial court." *Id*. The appellate court held that the trial court did not abuse its discretion in dividing the daycare costs between the parties without applying the factors set

---

[1]We also note that Shangwé's total monthly expenses will now be lower because we modify Shangwé's child support obligation from $739 per month to $642 per month. *Infra* ¶ 25.

forth in section 505(a)(2) to the facts of the case. *Id*.[2] Thus, even if Shangwé had not forfeited the issue, *Serna* would not have aided him with his argument that the trial court was required to apply the factors set forth in section 505(a)(2).

¶ 23    In addition, Shangwé cites *Fedun v. Kuczek*, 155 Ill. App. 3d 798 (1987), for the proposition that his overall financial resources and needs must be considered together with the fact that Aaliyah's needs are adequately met by his regular child support obligation. In *Fedun*, the trial court modified child support after finding a substantial change in circumstances based on an increase in the supporting parent's income and the fact that the child had grown older and the cost of living had risen. *Id*. at 802. The appellate court then modified the award from $325 per month to $300. *Id*. at 802-03. The court reasoned that $325 per month was excessive considering: all of the additional expenses the supporting parent was ordered to pay compared to his net income; the fact that the custodial parent failed to provide sufficient evidence regarding the child's needs; and that the child and the custodial parent maintained a higher standard of living than during the parties' marriage. *Id*. at 802-04. In this case, Shangwé does not challenge the trial court's award of child support set forth by the statutory guidelines; instead, he challenges the trial court's order that he contribute to an additional expense. Further, unlike in *Fedun*, Shangwé does not allege that Lacisha failed to provide sufficient evidence regarding the actual cost of daycare; the cost is not at issue in this case. The order regarding daycare expenses is prospective only. In addition, Shangwé makes no argument regarding Aaliyah's and Lacisha's standard of living. Thus, *Fedun* is distinguishable from this case.

¶ 24                                        III. CONCLUSION

¶ 25    For the reasons stated, we affirm the portion of the trial court's order requiring Shangwé to pay half of all daycare expenses. We reverse the portion of the trial court's order failing to deduct health insurance premiums in calculating Shangwé's net income. Had the trial court properly deducted Shangwé's $485 monthly health insurance premiums to determine his monthly net income, it would have determined that the amount was $3,210. Thus, after calculating 20% of Shangwé's proper net income we modify the amount of Shangwé's child support obligation from $739 per month to $642 per month, pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994).

¶ 26        Affirmed in part and reversed in part; child support modified.

---

[2]We note that, during the pendency of this case, the General Assembly enacted Public Act 97-941 (eff. Jan. 1, 2013) (adding 750 ILCS 5/505(a)(2.5)), which specifically addresses childcare in addition to other expenses the court may order a parent to contribute to. Section 505(a)(2.5) provides, in part:

> "The court, in its discretion, in addition to setting child support pursuant to the guidelines and factors, may order either or both parents owing a duty of support to a child of the marriage to contribute to the following expenses, if determined by the court to be reasonable:
>
> ***
>
> (b) child care[.]" 750 ILCS 5/505(a)(2.5)(b) (West 2012).